ANITA QUINBY STEWART, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9642. Promulgated August 15, 1947.

*H. F. Stambaugh, Esq.*, for the petitioner.
*Stanley W. Herzfeld, Esq.*, for the respondent.

OPINION.

OPPER, *Judge*: By the original deficiency notice a deficiency, placed in issue by this proceeding, of $608.47 in income tax for 1943, was determined against petitioner. Respondent now seeks by amended answer to increase the deficiency by $319.23. The year 1942 is also involved by reason of the provisions of the Current Tax Payment Act of 1943. The questions are the taxability to petitioner of certain premiums on life insurance paid under a separation agreement and the amount of taxable income paid under the same agreement pursuant to an assignment of trust income.

The facts have been incorporated in a stipulation, which is as follows:

1. Henry S. A. Stewart, Jr. and Anita Quinby Stewart, the petitioner, were married on January 24, 1928.

2. On February 24, 1932, Henry S. A. Stewart, Jr. and Anita Quinby Stewart, petitioner, entered into a separation agreement. Attached as Exhibit "B" to the petition filed in this proceeding is a true and correct copy of said separation agreement. A true and correct copy of the will of Henry S. A. Stewart, Sr., the father of Henry S. A. Stewart, Jr., is attached to the said separation agreement (Exhibit "B" of the petition), and is made a part hereof.

3. On April 9, 1932, Henry S. A. Stewart, Jr. and Anita Quinby Stewart, the petitioner, entered into a supplement to the said separation agreement of February 24, 1932. A true and correct copy of said supplement is attached as Exhibit "C" to the petition filed in this proceeding.

4. Thereafter, the said Henry S. A. Stewart, Jr. secured a divorce from Anita Quinby Stewart, the petitioner herein.

5. During the calendar year 1942, the Fidelity Trust Company, as trustee under the will of Henry S. A. Stewart, Sr., and under the provisions of the separation agreement, Exhibit "B", and the supplement thereto, Exhibit "C", paid to Anita Quinby Stewart, the petitioner, out of the income of the trust created by said will, the sum of $4,800.00 and further paid out of the income of said trust the sum of $1,514.10 to an insurance company as premiums on policies of life insurance on the life of Henry S. A. Stewart, Jr.

6. During the calendar year 1943, the Fidelity Trust Company, as trustee under the will of Henry S. A. Stewart, Sr., and under the provisions of the separation agreement, Exhibit "B", and the supplement thereto, Exhibit "C", paid to Anita Quinby Stewart, the petitioner, out of the income of the trust created by said will, the sum of $4,800.00 and further paid out of the income of said trust the sum of $1,551.20 to an insurance company as premiums on policies of life insurance on the life of Henry S. A. Stewart, Jr.

7. The policies on which the premiums were paid, as set forth in paragraphs five and six above, were issued by The Union Central Life Insurance Company, Cincinnati, Ohio, on March 10, 1932, Policy No. 1139342, in the amount of $60,000.00 and Policy No. 1139343, in the amount of $10,000.00. At the policy

anniversary nearest to age 65 of the insured, namely, March 10, 1954, the amounts of the policies would be reduced to $30,000.00 and $5,000.00, respectively. Both policies named the executors, administrators, or assigns of the insured as the beneficiary thereof and reserved to the insured the right to change the beneficiary. On March 31, 1932, each policy was irrevocably assigned to the petitioner. The manner of issuance and assignment of the insurance policies was at the insistence of the petitioner and was designed to preclude her future elimination as the beneficiary thereof.

8. The total distributable income of the testamentary trust created under the will of Henry S. A. Stewart, Sr. was $23,426.53 during the year 1942. Included in that amount was the following interest income from bonds:

| | | |
|---|---|---:|
| City of Greensburg | 4½%_____ | $1,125.00 |
| City of Pittsburgh | 4½%_____ | 225.00 |
| City of Philadelphia | 4%_____ | 600.00 |
| County of Crawford | 4¼%_____ | 85.00 |
| County of Allegheny | 4¼%_____ | 106.25 |
| Borough of McKees Rocks | 4½%_____ | 191.25 |
| | | |
| Total_____ | | 2,332.50 |
| Less Commission_____ | | 116.62 |
| | | |
| | | 2,215.88 |

9. The total distributable income of the testamentary trust created under the will of Henry S. A. Stewart, Sr. was $23,521.77 during the year 1943. Included in that amount was the following interest income from bonds:

| | | |
|---|---|---:|
| City of Greensburg | 4½%_____ | $1,125.00 |
| City of Philadelphia | 4%_____ | 600.00 |
| City of Pittsburgh | 4½%_____ | 225.00 |
| County of Crawford | 4¼%_____ | $85.00 |
| County of Allegheny | 4¼%_____ | 212.50 |
| Borough of McKees Rocks | 4½%_____ | 225.00 |
| City of Pittsburgh | 5%_____ | 15.00 |
| City of Pittsburgh | 4¼%_____ | 63.75 |
| | | |
| Total_____ | | 2,551.25 |
| Less Commission_____ | | 127.56 |
| | | |
| | | 2,423.69 |

In the will of the father of Henry S. A. Stewart, Jr., the following provision appears:

Fourth. All the rest, residue and remainder of my property, real, personal and mixed, wheresoever situate, I give, devise and bequeath unto Fidelity Title and Trust Company, one of my hereinafter named executors, in trust, for the following uses and purposes:

(a) To pay the net income therefrom unto my son, H. S. A. Stewart, Jr., for and during the term of his natural life in monthly or quarterly instalments, as he may elect.

The separation agreement of February 24, 1932, as modified by the supplement of April 9, 1932, provided in part that Henry Stewart, Jr., would assign to petitioner $4,800 per year, so long as she lived and

remained unmarried, out of the income of the aforementioned trust. There was a further assignment to petitioner of the sum of $1,532.40 and $255.40 annually, also out of the trust income, to be paid by the trustee as premiums on insurance policies on the life of Henry Stewart, Jr., so long as he shall live and petitioner shall remain unmarried.

The policies of insurance upon which premiums were so paid were assigned to petitioner by assignments reading in part as follows:

For Value Received I hereby assign, transfer and set over the above described policy of insurance, together with all rights reserved to me as the insured under the said policy, or as the owner thereof, or as the beneficiary thereunder, or as the assignee thereof, and all sum or sums of money, interest, benefit and advantage whatsoever, now due or hereafter to become due to me by virtue thereof, unto

Mrs. Anita Quinby Stewart, My Wife.

Petitioner reported on her individual income tax returns for 1942 and 1943, as income from the Henry S. A. Stewart, Jr., trust, $4,305.41 and $5,057.82, respectively.

It is difficult to see on what theory it could be successfully contended that the payments of insurance premiums pursuant to the separation agreement did not constitute petitioner's income under section 22 (k), Internal Revenue Code.[1] The policies in question were her property and all payments made were at her instigation, for her account, and designed to redound to her benefit. It seems reasonable to say that they were constructively received by her. *Richard R. Deupree*, 1 T. C. 113. They were made periodically and pursuant to the separation agreement. The payments are not includible in the husband's income by the express direction of section 22 (k) ; nor are they so includible under section 167 (a) (3), if for no other reason than that the husband was not the "grantor" of the trust out of which the premiums were paid. On this point, the deficiency is sustained.

The increased deficiency is apparently occasioned by petitioner's allocation to her portion of the income of the Stewart trust of an aliquot part of the trust's tax-exempt income, although the facts in that respect are not entirely clear. On the assumption that this is so— and respondent had the burden of proving otherwise—we have no doubt that petitioner was correct. The last sentence of section 22 (k) directs: "In cases where such periodic payments are attributable to property of an estate or property held in trust, see section 171 (b)." The latter section provides that "For the purposes of computing the

---

[1] ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated, from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * *

net income of the estate or trust and the net income of the wife described in section 22 (k) \* \* \* such wife shall be considered as the beneficiary specified in this supplement." Since the net income of the beneficiary of a trust is computed by taking account of any proportionate benefit from the trust's tax-exempt income—*J. Cornelius Rathborne*, 37 B. T. A. 607; affd. (C. C. A., 5th Cir.), 103 Fed. (2d) 301; and 109 Fed. (2d) 1020; see Regulations 111, sec. 29.22 (b) (4)–5—it seems clear that petitioner, as the equivalent of a beneficiary, was entitled to the same privilege. The increased deficiency is denied.

*Decision will be entered under Rule 50.*