Leon Mandel v. Commissioner.
Mandel v. Commissioner
Docket No. 16280.
United States Tax Court
1949 Tax Ct. Memo LEXIS 198; 8 T.C.M. (CCH) 445; T.C.M. (RIA) 49105; May 6, 1949
*198 T. H. Fisher, Esq., 135 So. La Salle St., Chicago, Ill., for the petitioner. David F. Long, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion By this proceeding, petitioner contests respondent's determination of a deficiency in income tax for the year 1943 in the amount of $1,135.92, and claims overpayment of such tax. The year 1942 is also involved by reason of the provisions of the Current Tax Payment Act of 1943. Two issues are presented. The first is the propriety of respondent's determination that of the amount of $18,000 paid in each year by petitioner, under a separation agreement, to his former wife, only $8,000 for each year was deductible under sections 22 (k) and 23 (u) of the Internal Revenue Code, as alimony payments, since the remainder was deemed by him to be a payment for the support of petitioner's minor children. The second issue is whether petitioner can deduct under the same provisions of the Code the annual premiums paid by him on two life insurance policies on his life, which were for the benefit of his former wife and children and which he was obliged to maintain pursuant to the terms of the agreement. *199 Some of the facts have been stipulated; others have been presented by deposition of petitioner and by oral and documentary evidence adduced at the hearing. Findings of Fact The stipulated facts are hereby found accordingly, and are incorporated herein by this reference. During the years involved petitioner was a resident of Chicago, Illinois, and filed his returns with the collector for the first district of Illinois. On April 30, 1924, petitioner was married to Edna Horn Mandel. There were born of this marriage two children: Leon Mandel, III, a boy, born on February 8, 1927, and Noel Mandel, a girl, born on July 31, 1928. In August 1932, petitioner and his wife separated, and on November 29, 1932, they entered into a written agreement, incident to divorce proceedings which culminated on December 29, 1932, in a divorce decree. Among the provisions of this agreement were those concerned with petitioner's obligation "for the support and maintenance of the wife and the two children." It was therein provided, in part: "1. The husband shall and hereby agrees to pay to the wife, for and during her life, for the support and maintenance of herself and the two children, the *200 sum of Eighteen Thousand Dollars ($18,000.00) per annum, in installments of One Thousand Five Hundred Dollars ($1,500.00) monthly, on the tenth day of each month during her lifetime, beginning on the tenth day of December, 1932, subject, however, to the limitations and restrictions hereinafter set forth. * * * "In addition to said payments, the husband agrees to pay for the medical and dental services, costs of education, (including school fees, instruction in music, and books) and clothing necessary for the two children, all as the wife shall believe reasonably necessary in view of the social status of the parties. * * * After a child shall reach the age of twenty-five (25) years, or shall be married or shall have died, then in either of said events, said payments for medical and dental services, costs of education and clothing for such child, shall cease and the husband shall only be required to pay for said items for the other child, but not in excess of Two Thousand Dollars ($2,000.00) per annum. The charges for any and all said items shall be the net amount therefor, less all credits and refunds. "If the amounts paid by the husband for said purposes of medical and dental services, *201 education and clothing during any one or more years, shall be less than the maximum for such year or years, as herein specified, then the differences between the maximum sum provided for said items for each such years and the amount paid for said items for each such years, up to the sum of Five Hundred Dollars ($500.00) for each of such years, shall be paid by the husband in any years or years thereafter, in addition to the payment by the husband of the maximum amount for such year for said items, as evidenced by vouchers or bills therefor. * * *
"2. The children shall be and continue in the custody of the wife (even though the marriage between the parties shall be dissolved and the wife shall thereafter remarry) who may reside with them permanently at any place in the United States and may also take them for visits abroad. * * *
"3. In consideration of the payments made by the husband to the wife, she agrees to provide a home for the children, with her and agrees to provide reasonable and proper maintenance and support for the children, and upon the same scale as she may be living. "In the event of the divorce of the wife from the husband, and her subsequent remarriage *202 to a person other than the husband, the monthly payments by the husband to her shall be reduced to Eight Hundred Thirty-three Dollars and Thirty-three Cents ($833.33) per month, exclusive of payments which the husband shall make for the medical and dental services, costs of education, clothing and transportation of the children, as hereinabove provided. In consideration of these payments, the wife shall continue to provide a home for the children with her and agrees to provide reasonable maintenance and support for the children, as aforesaid. "In the event a child shall marry, or, after reaching twenty-one (21) years of age, shall live separate and apart from the wife, then the husband shall have the right in his discretion to pay to such child upon the happening of either of these events, the sum of Four Hundred Sixteen Dollars and Sixty-six Cents ($416.66) per month, or any portion thereof, from time to time, and thereafter the payments by the husband to the wife shall be reduced by the amount which the husband pays to such child, but only up to Four Hundred Sixteen Dollars and Sixty-six Cents ($416.66) per month; and after the wife's death, the husband agrees to pay to each child, *203 for and during the life of such child, the sum of Four Hundred Sixteen Dollars and Sixty-six Cents ($416.66) per month; and if such child shall have an income from any estate, gift, trust or from any inheritance, then the amount of such income received by such child therefrom, (up to the sum of Four Hundred Sixteen Dollars and Sixty-six Cents ($416.66) per month) may be deducted from the payments made to such child by the husband. "In the event that the wife shall remarry and in the event thereafter a child after reaching the age of sixteen (16) years, shall live separate and apart from the wife, then until such child shall marry or reach the age of twenty-one (21) years, the husband shall have the right in his discretion to pay to such child the sum of Two Hundred Eight Dollars and Thirty-three Cents ($208.33) per month or any portion thereof, from time to time until such child shall marry or shall reach the age of twenty-one (21) years, and the payments by the husband to the wife hereunder shall be reduced by the amount which the husband pays to such child, but only up to said sum of Two Hundred Eight Dollars and Thirty-three Cents ($208.33) per month. "In the event that at any *204 time hereafter, income shall be paid to the wife out of and from any inheritance, gift, trust or estate established or created for the benefit and use of either child, then the amount received by the wife for the use of the child from the income of such estate, gift, trust or inheritance (established or created for the benefit of such child) shall be deductible from the amount to be paid to the wife by the husband, but only to the extent of Four Hundred Sixteen Dollars and Sixty-six Cents ($416.66) per month for each child for whom such income is so received by the wife for the use of such child. "In the event of the death of a child, the monthly payments to the wife shall be reduced Four Hundred Sixteen Dollars and Sixty-six Cents ($416.66) for each such child so dying. * * *
"11. Except as herein in this agreement provided, the wife waives and releases all other or further claim for maintenance and support for herself and maintenance and support of the children, whether the marriage between the parties shall remain in force or be dissolved." During each of the years 1942 and 1943, petitioner paid to his divorced wife, Mrs. Mandel, the sum of $18,000 pursuant to the agreement *205 of November 29, 1932. Mrs. Mandel used approximately $2,000 of the $18,000 received during each of the years 1942 and 1943 for her own personal expenses and the remaining amounts were disbursed in maintaining the family household for herself and children. Her total expenses for each of the years 1942 and 1943 were greater than the $18,000 received each year from the petitioner and she obtained the additional money for the expenses from her father. Neither of the petitioner's children was married or reached the age of 21 years during the years 1942 and 1943, and the petitioner did not exercise his discretion to pay each of his children upon the happening of either of these events the sum of $5,000 per year and reduce the $18,000 payments to Mrs. Mandel by the amounts paid to his children. During each of these years, in addition to the $18,000 payment, petitioner expended additional sums for schooling, clothing and medical expenses of the two children, aggregating $2,755.33 for 1942, and $3,196.75 for 1943. Both children attended boarding school away from home during this period. However, they visited their mother frequently, and she maintained a home for them in New York. On *206 March 9, 1943, March 2, 1944, and January 9, 1945, petitioner signed his Federal income tax returns for the respective calendar years 1942, 1943 and 1944. In each of these returns the petitioner deducted $8,000 of the $18,000 payments to his former wife pursuant to the terms of the separation agreement. Under Schedule C of his 1942 return and Schedule G of his 1943 return, the petitioner made the following statement with respect to said $8,000 deductions: Alimony paid to Edna Horn Mandel -
Payment of $18,000 a year, of which
$10,000 is for two children's upkeep
(children residing with their
mother); in addition to which tax-
payer pays children's school tuitions,
clothing bills, medical and dental ex-
penses and summer camps
$8,000.00 With respect to the deduction of $8,000 for the year 1944, the petitioner on page 4 of his 1944 return made the following statement: Alimony to Edna Horn Mandel
$8,000.00
In his Federal income tax returns for the years 1942, 1943 and 1944, petitioner claimed dependency credits for his two children. In the Federal income tax returns filed by Mrs. Mandel, for each of the years 1942 and 1943, she included as part *207 of her gross income, under the item "Other Income", the amount of $8,000 as alimony received from the petitioner, and made no claim for dependency credits for her two children. In a claim for refund filed on May 16, 1945, petitioner stated: "During the calendar year 1943 the taxpayer paid $18,000 to Edna Horn Mandel as alimony. The amount of $8,000 instead of $18,000 was erroneously deducted." In the statement attached to the notice of deficiency, August 4, 1947, respondent, among other matters, determined: "The contention set forth in your claim for refund for 1943 that alimony is deductible in your return in the amount of $18,000 instead of $8,000.00 as claimed in your return can not be conceded. It is held that the amount paid as alimony was $8,000.00 and that is the amount deductible under the provisions of Section 23 (u) of the Internal Revenue Code; and that the amount of $10,000.00 was paid to your former wife, Edna Horn Mandel for the support and maintenance of the children and is not alimony within the meaning of Sections 22 (k) and 23 (u) of the Code." In addition to the provisions hereinabove recited, it was provided in the separation agreement *208 that petitioner was to deliver, and he did deliver, to a designated trustee two life insurance policies on his own life, issued by the Sun Life Assurance Co. of Canada in the face amount of $50,000 each, and that he was to pay, and did pay, the premiums thereon. The life insurance policies were for the benefit of Mrs. Mandel and the children, unless the children should predecease her; the insurance policies to be returned to petitioner only in the event he should survive Mrs. Mandel and both children. During the years 1942 and 1943, petitioner paid the premiums on these policies, which amounted to $1,817 in 1942, and $1,864 in 1943, and these amounts are deductible as alimony payments. Of each payment of $18,000 made by petitioner to his former wife, the amount of $10,000 was fixed by the separation agreement as a sum payable for the support of petitioner's two minor children. Opinion KERN, Judge: 1. When we examine "the agreement as a whole, and the reading of each paragraph in the light of all the other paragraphs thereof", as we must do in any "adequate consideration of the problem" presented under the first issue, Robert W. Budd, 7 T.C. 413, 417, affd. (CCA-6) *209 without opinion, Fed. (2d) (June 10, 1947), it becomes manifest that of the $18,000 paid by petitioner in each year to his former wife, the amount of $10,000 was by the terms of the written instrument the sum payable for the support of petitioner's minor children. [1] Were we permitted in our investigation to view only the first paragraph of the first subdivision of the agreement, we might be warranted in concluding that no part "was specifically designated as a sum payable for the support of the minor children of the husband." Regulations 111, sec. 29.22 (k)-1(d). See also Senate Report No. 1631 (77th Cong., 2nd Sess.) 86. But the mere fact that the agreement provides for a single payment for support of both the wife and children is not the controlling factor, for other provisions, as here, may make evident that a specific sum of the total payment is allocable to the children. Robert W. Budd, supra; Warren Leslie, Jr., 10 T.C. 807; cf. Dora H. Moitoret, 7 T.C. 640. *210 From a consideration of the agreement as a whole, we perceive that there has been sufficient earmarking and designation of $10,000 of each $18,000 payment for support of the minor children so as to preclude deduction therefor by respondent. The numerous references throughout the agreement irresistably lead to this result, e.g., the reduction of payments upon remarriage of the wife, the reduction of payment upon marriage or attainment of majority of the children, or upon death, and the like. Petitioner's attempt to distinguish the controlling authorities is two-fold. First, he urges that he was obliged to pay additional sums for the living expenses of his children. But this can have no effect upon the result. There is no requirement that the taxpayer's obligation for support of the children be limited to the earmarked amount. See Warren Leslie, Jr., supra. All that we must find is that a certain amount is so designated in the agreement or decree, and that seems clear here. Petitioner next urges that his former wife was not required to use any portion of funds exclusively for the children; and, in fact, substantially all of the funds were used for maintenance of a joint *211 home. He asserts, further, that even after she might remarry, payments were to continue for this purpose. To this, the answer is that although the wife did obtain some benefits from the home maintained, so, too, did the children. And, moreover, the more important consideration, in cases such as this, is the allocation of the payments to the support of the children, as specified in the agreement, and not the actual use made of the funds. Dora H. Moitoret, supra. On the first issue, respondent's determination is sustained. 2. As to the insurance premiums paid by petitioner on the two life insurance policies, we are of the opinion that petitioner's position must be upheld upon the authority of Estate of Boies C. Hart, 11 T.C. 16. See also Anita Quinby Stewart, 9 T.C. 195. Contrary to respondent's contention, we do not believe that there is any greater "remoteness of possibility of benefit" to petitioner's wife than was present in the Hart case, supra. See also Regulations 111, sec. 29.22(k)-1(d). Respondent's other points of attempted distinction between this and the Hart case have been noted, and have been found without merit. Decision *212 will be entered under Rule 50. Footnotes
1. Section 23 (u) of the Internal Revenue Code allows a deduction to a husband for alimony payments, "In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife * * *." Section 22 (k) provides, in part, as follows: In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance periodic payments * * * received subsequent to such decree in discharge of, * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. * * *↩