WILLIAM J. GARDNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24240. Promulgated June 30, 1950.

*L. F. Loux, Esq.*, for the petitioner.
*Clarence E. Price, Esq.*, for the respondent.

OPINION.

OPPER, *Judge*: An income tax deficiency in the amount of $1,136.75 determined against petitioner for the year 1945 is in issue. The only contested question is whether a deduction as alimony claimed by reason of payments of premiums on life insurance was properly disallowed. Petitioner filed his Federal income tax return for 1945 with the collector for the eighteenth district of Ohio. All of the facts have been stipulated.

The stipulated facts are hereby found accordingly. They are as follows:

1. The petitioner herein, Dr. William J. Gardner, is a physician and surgeon specializing in neurological cases and presently associated with the Cleveland Clinic, Cleveland, Ohio.

2. The petitioner and Mrs. Edythe Gardner were married in July, 1926. Two children were born of this marriage, to wit: . William James Gardner, Jr., born in 1927 and June Patricia Gardner, born in 1934.

3. During July of 1941, the petitioner and Mrs. Edythe Gardner entered into an agreement of separation covering the respective rights as against one another. This agreement is reproduced as joint Exhibit 1–A, attached hereto and made a part hereof.

The agreement obligated petitioner to pay his wife $200 a month while she remained unmarried "for her support and maintenance." To secure the monthly payments, petitioner agreed in paragraph 9 of the agreement to invest a total of $10,000 in securities to be held by petitioner in trust for his wife and paid to her if necessary to cure any default in the $200 monthly payments. "To further secure performance * * * of his obligations," petitioner agreed to assign to a trustee eight insurance policies upon his life in the aggregate face amount of $63,000 and—

14. If husband during his life should default in the performance of any of his obligations hereunder and such default should continue for a period of ninety (90) days, wife shall be entitled to cause said policies to be surrendered and to receive the surrender value thereof, to secure a loan or loans thereon, to receive all surplus accumulations, dividend deposits and other additions to said policies then held by the respective insurers, and to exercise any other rights with respect to said policies which the trustee is entitled to exercise; and the trustee upon request in writing by wife, or her representative, shall perform such acts and execute such documents as may be required to enable wife to exercise any and every such right; provided, always, however, that all sums payable by the insurer, upon the exercise of any such right, shall be paid to the trustee, who shall disburse the same to wife, in satisfaction of the obligations of husband hereunder, and provided further that wife shall not be entitled at any time to cause any of the insurers to pay to trustee any greater sum than may be necessary or proper to cure the default or defaults then existing.

Neither party was entitled to change the beneficiary of the policies or "modify the plan of distribution" in such manner as to impair "the rights enjoyed hereunder by wife at the time of the execution of this agreement." Upon the death of the insured (petitioner), the net proceeds of the policies were "to be held for the benefit of wife, and certain other beneficiaries." The trustee was instructed to hold the policies until petitioner's death, "at which time the trustee shall * * * take such * * * action as may be necessary to collect the sums owing thereunder for the beneficiaries entitled thereto. * * *" The insurance proceeds were to be used only after the wife had exercised her rights to the securities under paragraph 9. Upon her remarriage or death, the policies were to be returned to petitioner subject to any claim for default then existing. Petitioner agreed to "pay the premiums upon said insurance when and as they become due and payable."

It is further stipulated that:

4. On or about July 16, 1941, following the bringing of an action for divorce by the petitioner against Mrs. Edythe Gardner, the Court of Common Pleas of Cuyahoga County, Ohio, awarded the petitioner a divorce from Mrs. Edythe Gardner. A copy of the Journal Entry in such proceeding is reproduced as Joint Exhibit 2–B, attached hereto and made a part hereof. The agreement mentioned in the Journal Entry (Joint Exhibit 2–B) is that referred to above as Joint Exhibit 1–A.

5. The conditions set out in the agreement (Joint Exhibit 1–A) and the Order of divorce (Joint Exhibit 2–B) continued in full force and effect during all the years here involved.

6. The petitioner remarried in 1941. Petitioner's former wife, Mrs. Edythe Gardner, who now lives in Columbiana, Pennsylvania, has not remarried. The two children born of petitioner and Mrs. Edythe Gardner reside with the petitioner. The petitioner, as of 1950, is 51 years of age and Mrs. Edythe Gardner, as of 1950, is 45 years of age.

7. During the period beginning in 1941, and extending through the calendar year 1945, the petitioner, each year, has paid to the trustee designated in the agreement (Joint Exhibit 1–A) the sum of $1,841.71 for payment of premiums of insurance included in such agreement which was made a part of the decree of the divorce above referred to.

8. The provisions of paragraph 9 of the agreement described as Joint Exhibit 1–A are in no way involved in the computation of deficiencies proposed by the Commissioner in this appeal.

As in *Lemuel Alexander Carmichael*, 14 T. C. 1356, decided this day, the present facts are less favorable to petitioner than those in *Meyer Blumenthal*, 13 T. C. 28, affd. (C. A. 3rd Cir.), 183 Fed. (2d) 15. There is no showing to what extent, if any, except for purposes of security, the wife would be a beneficiary under any of the policies even if she survived decedent. Certainly her interest could on the record be much less than that shown to have existed in the *Blumenthal*

case.[1] On the authority of that case and that portion of *Lemuel Alexander Carmichael, supra,* dealing with the insurance policies maintained as security, we conclude that the deficiency was correctly determined.

*Decision will be entered for the respondent.*

---

[1] The most that petitioner suggests is:
"Sections 15 and 8 of the same Exhibit clearly establish the right of the wife to use the insurance proceeds to the extent of alimony in the sum of $200.00 per month during her lifetime, and so long as she remains unmarried, following the death of petitioner." Even if the agreement and record were susceptible of that interpretation, the facts would be no more favorable to petitioner than those in the *Blumenthal* case.