OPINION. Haeron, Judge: This proceeding presents the question of the de-ductibility of certain payments by the petitioner to Viva under a separation agreement which was later made a part of a judgment and decree of divorce. Part of the payments were made before and part were made after the date of the divorce. The petitioner made a payment of $3,000 on July 17,194.6, the date the separation agreement was signed, almost two months before the date of the divorce. In regard to the deductibility of this amount, the only argument advanced by the petitioner on brief is that “Petitioner F. Ellsworth Baker personally insists upon the deductibility of such payment.” The petitioner does not advance any theory under the statutes that the amount can be allowed as a deduction, and we know of none. The payment was made for the benefit of the wife prior to divorce. Clearly it is not taxable to the wife under section 22 (k) of the Internal Revenue Code, and it is not deductible from petitioner’s income under section 23 (u) of the Internal Revenue Code. George D. Wick, 7 T. C. 723, affd. 161 F. 2d 732; Joseph D. Fox, 14 T. C. 1131. Furthermore, the language of the instrument indicates that the payment of this amount was intended as a lump sum payment and as an adjustment of the financial affairs of the parties and not as a periodic payment. Since it was not a periodic payment within section 22 (k) of the Internal Revenue Code, it follows that it is not deductible by petitioner under section 23 (u). Arthur B. Baer, 16 T. C. 1418; William M. Haag, 17 T. C. 55. We next consider the question of the deductibility of the additional payments made by the petitioner to Viva during 1946 after entry of the decree of divorce in the amount of $1,225.[1] The petitioner claims that such monthly payments were periodic payments within the meaning of section 22 (k). An analysis of the separation agreement discloses that the payments were to be made on the basis of a definite sum of money. The monthly payments were to extend over a 6-year period, payable at the rate of $300 per month for the first year and $200 per month thereafter. The provision also provided that after July 1,1947, the husband would have the privilege of having a periodic examination made of his financial condition and that if it should be ascertained that $200 a month was in excess of one-third of his net income (as defined in the agreement) such payments were to be reduced to the monthly pro rata part of one-third of his income but were to be not less than $150 per month. A further provision respecting the monthly payments provided that the aggregate sum by which the $200 monthly payments might be reduced in accordance with the provisions for reduced payments must be paid at the rate of $200 per month commencing with the 73d month after the date of the agreement or, in other words, on July 17, 1952. These payments were also subject to the same provision for reduced payments as were the initial monthly remittances. Simple arithmetic indicates that the principal sum to be paid was $15,600. The only effect of the provision for reduced payments was to extend the prescribed period of payments from a period of 6 years to a maximum of 7 years and 8 months. The amount paid under this part of the agreement represented installment payments to be paid within a period of less than 10 years. In order to be deductible under section 23 (u), the payments here in dispute must meet the conditions prescribed by section 22 (k).[2] We have heretofore considered this problem, i. e., where the installment payments of a principal sum were to be made within a period of 10 years, and have concluded that they are not deductible from the husband’s gross income under section 23 (u). J. B. Bteinel, 10 T. C. 409; Estate of Frank P. Orsatti, 12 T. C. 188; Harold M. Fleming, 14 T. C. 1308. The final question is whether certain life insurance premiums paid by the petitioner, pursuant to the separation agreement, on policies insuring his life, wherein his former wife was designated the sole and irrevocable beneficiary of the proceeds thereof during the term of the separation agreement, constitute allowable deductions by the petitioner within the provisions of section 23 (u) of the Internal Eevenue Code. The separation agreement required the petitioner to designate Viva as the irrevocable beneficiary of certain life insurance policies. The policies were to be delivered to her and at the expiration of the agreement they were to be returned to the petitioner, and the right to change beneficiaries was to be restored to him. Actually, petitioner delivered to Viva two insurance policies on his life in the total face amount of $15,000, and Viva was designated as the sole beneficiary. In order to keep the insurance in force, the petitioner paid the premiums that became due for 1946. The remarriage of Viva in September 1949 caused the insurance policies to be returned to petitioner, and in September 1951 Viva ceased to be a beneficiary on the policies. We have examined the cases relied on by the petitioner and conclude that none of them stand for the proposition that insurance premiums paid under circumstances similar to the ones here in controversy are deductible as alimony payments under section 23 (u) of the Internal Eevenue Code. Upon examination of the facts here, we conclude that the insurance policies in question were merely collateral security for the payment of the monthly amounts, to safeguard Viva against the possible contingency of petitioner’s death before he had fulfilled his contractual obligations. It is clear, as pointed out in Blummenthal v. Commissioner, 183 F. 2d 15, affirming 13 T. C. 28, that the security for the faithful performance of the taxpayer’s continuing obligation does not of itself give the divorced wife more than was provided for her in the agreement. Neither does the fact that the petitioner provided collateral security serve to increase the length of the agreement’s duration. Its maximum term is still 7 years and 8 months. Even if the amount paid as insurance premiums was deductible as alimony, which we conclude is not so, the petitioner still would be confronted with the 10-year proposition discussed above under the second .issue. We therefore conclude that the payment of insurance premiums is not deductible under section 23 (u). Decision will he entered for the respondent. It has been stipulated that $1,225 is the correct aggregate sum rather than the amount of $1,150 claimed as a deduction in the joint return. Section 22 (k), I. R. C., provides in part as follows: * * * Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection ; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, but only to the extent that such installment payment for the taxable year of the wife (or if more than one such installment payment for such taxable year is received during such taxable year, the aggregate of such installment payments) does not exceed 10 per centum of such principal sum.