OPINION. Harron, Judge: The first question presented is whether the payments of $4,800 received by the petitioner in each of the taxable years from her former husband are includible in her gross income, as alimony, under section 22 (k) of the Internal Revenue Code.[1] There is no issue relating to the fact that the payments were made by the trustee of a trust under which the petitioner’s former husband is a life income beneficiary. Section 22 (k) of the Code provides that periodic payments of alimony or support, received by a wife subsequent to a decree of divorce or of separate maintenance, in discharge of a legal obligation arising out of the marital or family relationship, and imposed upon or incurred by the husband under such decree or under a written instrument incident to such divorce or separation, shall be includible in the gross income of the wife. The respondent contends that the payments in question meet all of the requirements of the statute. The petitioner claims that the obligation of her former husband to make the payments was not imposed upon or incurred by him under a decree of divorce, or under a written instrument incident to such divorce. She concedes that the other requirements of section 22 (k) have been satisfied. The petitioner argues that the obligation to make the payments was imposed on Sydney by the judgment of the New York court entered in 1940, pursuant to a stipulation of the parties, in the proceedings instituted by petitioner against Sydney A. Smith, for specific performance of the provision of the separation agreement of 1937, as amended, requiring Sydney to pay the premiums on a policy of insurance on his life of which she is the primary beneficiary. The argument is based on the fact that the provision of the separation agreement relating to the support payments, although not in issue in the New York proceedings, was included in the stipulation of the parties and the consent judgment of the court, and the further fact that the Florida decree of divorce, in which the separation agreement was incorporated, was not obtained until January 1944. Petitioner seeks to avoid the impact of section 22 (k) by reliance on the doctrine of merger. The petitioner also argues that the separation agreement was not incident to the Florida divorce, alleging that divorce was not considered or contemplated by the parties when the separation agreement of 1937 was entered into. In support of this argument, petitioner relies on Joseph Lerner, 15 T. C. 379, revd. 195 F. 2d 296. We have carefully considered the petitioner’s arguments and find that they are without merit. We need not concern ourselves with the legal niceties of the doctrine of merger. The present issue arises under a Federal statute, the intent and purpose of which is clear. Section 22 (k) of the Code was enacted in order to provide in certain cases a new income tax treatment for payments in the nature of or in lieu of alimony or an allowance for support as between divorced or legally separated spouses. These amendments are intended to treat such payments as income to the spouse actually receiving or actually entitled to receive them and to relieve the other spouse from the tax burden upon whatever part of the amount of such payments is under the present law includible in his gross income. * * * See H. Kept. No. 2333, 77th Cong., 2d Sess. (1942), pp. 71, 72. Congress did not intend that its application should depend on the “variance in the laws of the different states concerning the existence and continuance of an obligation to pay alimony.” See H. Kept. No. 2333, sufra. Nor, in our opinion, did Congress intend that its application should depend on the effect of a judgment in an action for specific performance of a separation agreement or one of the provisions of a separation agreement, where that judgment is entered prior to the date the parties obtain a decree of divorce. Such an application of the statute would tend to circumscribe its purpose. Furthermore, we note, in the instant case, that the provision of the separation agreement requiring Sydney to make support payments of $-100 a month to the petitioner was not in issue in the court proceedings in New York. Sydney, at all times, has recognized his obligation to make the support payments. The litigation in New York arose solely because of Sydney’s failure to honor the obligation he had assumed in the amended agreement to pay the premiums on the policy of insurance on his life of which petitioner is the primary beneficiary. The litigation was settled by a stipulation of the parties and the entry of a consent judgment by the court in accordance therewith. The stipulation filed by Sydney and the petitioner in the New York litigation, insofar as it embraced the payments for support, was nothing more than a reaffirmation by Sydney of his existing and continuing obligation to make those payments in accordance with the provisions of the separation agreement as amended. There is no dispute that the obligation of Sydney to make support payments arose out of his marital relationship with the petitioner. The obligation was incurred by him, initially, under a separation agreement. The terms and provisions of the agreement were later incorporated in and made a part of a decree of divorce. Sydney was personally before the Florida court which awarded him the decree of divorce incorporating the separation agreement, and the petitioner does not attack the j urisdiction of that court to impose upon him the obligation to pay her alimony, albeit in accordance with the terms of the existing separation agreement. We conclude that, insofar as the application of section 22 (k) is concerned, the obligation to make the support payments was imposed upon or incurred by Sydney by a decree of divorce. Furthermore, it is difficult to comprehend the petitioner’s argument that the separation agreement was not incident to a divorce where, as here, the agreement was incorporated in a decree of divorce. This fact sharply distinguishes the instant case from Joseph Lerner, supra, relied on by the petitioner. It is held that the support payments in question are includible in the petitioner’s gross income, as alimony, under section 22 (k) of the Code. The second question is whether insurance premiums of $1,200 paid in each of the taxable years on a policy, insuring the life of petitioner’s former husband in the amount of $50,000 and under which the petitioner is primary beneficiary, are includible in the petitioner’s gross income, as alimony, under section 22 (k) of the Code. The insurance premiums were also paid by the aforementioned trustee. The respondent contends that the premium payments were in the nature of additional alimony, and that they were constructively received by, and are taxable to, the petitioner under section 22 (k), Internal Revenue Code. He argues that the policy of insurance was for the benefit of the petitioner since she was the irrevocable primary beneficiary for her life, and that the premium payments are periodic payments and otherwise qualify as alimony under the statute, since they were paid in accordance with a separation agreement which was incorporated in a decree of divorce. The respondent relies on Anita Quinby Stewart, 9 T. C. 195; Estate of Boise C. Hart, 11 T. C. 16; and Lemuel Alexander Carmichael, 14 T. C. 1356. The petitioner argues that she is not the owner of the policy; that it is not for her sole benefit; that her rights and interest in the policy are contingent upon her death or remarriage; and that although the separation agreement does not specifically so provide, the obvious intent and purpose of the provision of the agreement requiring Sydney to keep the insurance in force, is to secure to the petitioner support payments in the event she remains unmarried and survives Sydney. The petitioner relies, principally, on Meyer Blumenthal, 13 T. C. 28, affd. 183 F. 2d 15, and a Memorandum Opinion of this Court. We agree with the petitioner. The petitioner is not the owner of the insurance policy. It was never assigned to her and she never acquired the right to exercise any of the incidents of ownership therein. The policy provides that all the rights and incidents of ownership are vested in the insured, i. e., Sydney A. Smith, subject only to the limitation that he “shall not have the right to make any change in the beneficiary during the life time of his wife [petitioner], without her written consent.” The petitioner did not make the premium payments in question and she did not actually or constructively receive the sums paid as premiums. Furthermore, she did not realize any economic gain during the taxable years from the premium payments. For example, any increase in the cash surrender or the loan value of the policy resulting from the premium payments inured to the benefit of the owner of the policy and not to the petitioner. It is clear from the terms of the policy, and from the provisions of the separation agreement that the petitioner’s rights under the policy are contingent on her death or remarriage. Under the terms of the policy, the petitioner or her estate is entitled to receive the proceeds only in the event the petitioner survives the insured. The policy provides that, if neither the petitioner nor her mother survives the insured, the proceeds “shall be payable in one sum to the executors or administrators of the insured.” The fact that, a secondary beneficiary of the petitioner’s choice is designated in the policy is not here important. Under the provisions of the separation agreement, the petitioner’s interest in the policy is more remote since it may be terminated either by her death or lawful remarriage. The separation agreement, as amended by the stipulation of the parties filed in the proceedings in the Supreme Court of the State of New York, required Sydney to keep the policy of insurance in force, and to refrain from exercising the incidents of ownership therein only until the death of lawful remarriage of the petitioner. In the event of the petitioner’s lawful remarriage, Sydney regains full dominion and control over the policy. It is therefore apparent that the petitioner’s only interest in the policy is contingent, and that the premiums on the policy were not paid for her sole benefit. See Estate of Frank Charles Smith, et al. v. Commissioner, (C. A. 3, 1953) 208 F. 2d 349; Seligmann v. Commissioner, (C. A. 7, 1953) 207 F. 2d 489. • Furthermore, we agree with the petitioner that the obvious intent and purpose of the provision of the separation agreement relating to the policy of insurance, is to secure to the petitioner payments for her support in the event she survives Sydney without remarrying. Although the agreement does not specifically so provide, the inference is warranted from the evidence and record before us. It is well established that premiums paid by a former husband on a policy of insurance which merely provides security for continued alimony or support payments to his divorced wife in the event of his death are not includible in the gross income of the wife as additional alimony. See F. Ellsworth Baker, 17 T. C. 1610, 1615, affirmed this issue (C. A. 2) 205 F. 2d 369; Halsey W. Taylor, 16 T. C. 376, 384; William J. Gardner,, 14 T. C. 1445, 1447, affd. 191 F. 2d 857; Meyer Blumenthal, supra. The authorities relied on by the respondent are distinguishable on their respective facts from this proceeding. In both Anita Quinby Stewart, supra, and Lemuel Alexander Carmichael, supra, the wife was the owner of the policies of insurance. In Estate of Boise C. Hart, supra, the wife agreed to take as alimony a fixed percentage of her hhsband’s annual income and agreed that the premiums on insurance for her benefit, and which she could cause to be reduced were to be. paid out of, and subtracted from the agreed percentage of his income which she was to receive. It is held that the insurance premiums in question are not includible in the petitioner’s gross income as alimony under section 22 (k) of the Code. Decision will ~be entered under Rule SO. ■ SEC. 22. GROSS INCOME. (k) Alimony, Etc., Income. — In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, * * *