Edmund D. Steelman and Bernice Z. Steelman v. Commissioner.
Steelman v. Commissioner
Docket Nos. 66846, 71733.
United States Tax Court
T.C. Memo 1959-92; 1959 Tax Ct. Memo LEXIS 156; 18 T.C.M. (CCH) 419; T.C.M. (RIA) 59092; May 8, 1959
John C. Ristine, Esq., 822 Southern Building, Washington, D.C., for the petitioners. Albert Squire, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: These consolidated proceedings involve deficiencies in income tax for the years and in the amounts as set forth below: Year
Deficiency
1954
$ 481.98
1955
451.55
1956
2,046.57 By an amended answer, respondent seeks an increased deficiency for the taxable year 1955. The issues for decision are: (1) Whether premiums paid by petitioner on insurance policies on his life, which, pursuant to judicial decree, named his ex-wife as beneficiary should she survive him and not remarry, constitute periodic payments of alimony; and (2) whether payments made by petitioner pursuant to judicial decree, to liquidate a mortgage on property owned by his divorced wife, constitute periodic payments of alimony. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found, and are incorporated herein by this reference. During the years in issue, Edmund D. Steelman (hereinafter referred to *158 as the petitioner) and Bernice Z. Steelman, husband and wife, resided in Trento., New Jersey. They filed joint Federal income tax returns for each of the taxable years 1954, 1955 and 1956 with the director of internal revenue at Camden, New Jersey. Petitioner was formerly married to Edith T. Steelman. As a result of proceedings commenced by her, petitioner and his former wife were divorced on May 22, 1951, by decree of the Circuit Court of New Jersey, Chancery Division, Mercer County. Pursuant to the decree of that Court, petitioner was ordered to make certain periodic payments for the benefit of his former wife for her support, maintenance and alimony. It further provided: "that the said defendant, Edmund D. Steelman, shall name the said plaintiff, Edith T. Steelman, as beneficiary in life insurance policies upon his life in such amount as to net the said plaintiff Thirty Thousand ($30,000) Dollars upon the death of the defendant, over and above any loans which now have been made to the said defendant upon said policies. Said designation as beneficiary in said policies shall be irrevocable but shall provide that in the event said plaintiff predeceases said defendant, or, in *159 the event said plaintiff remarries, the said policies shall be payable to Edmund D. Steelman, Jr., son of the said plaintiff and defendant. The said defendant shall pay the premiums on the said policies of life insurance and take such other action as may be necessary to keep the same at all times in full force and effect, and the said policies shall be held in escrow by Frank I. Casey, Esq. and George Gildea, Esq." In accordance therewith, petitioner changed the beneficiary of five policies of ordinary life insurance on his life, in the total face amount of $33,035, issued by the Massachusetts Mutual Life Insurance Company of Boston, Massachusetts. Prior to that change, the named beneficiaries of these policies were petitioner's executors and administrators. After such change, the designated beneficiaries were: "In the event of the death of the insured, the proceeds shall be paid in one sum to the insured's former wife, Edith T. Steelman, if living and provided said Company shall not have received proof satisfactory to it that said former wife has remarried subsequent to the date hereof. If said former wife shall not be living at the death of the insured, or if said former wife *160 shall be living but said Company shall have received proof satisfactory to it that said former wife has remarried subsequent to the date hereof, the proceeds shall be paid in one sum to the insured's son, Edmund D. Steelman, Jr. (born July 8, 1926), if living, otherwise to the executors or administrators of the insured." Prior to the death or remarriage of petitioner's wife, and prior to the death of his son, no change could be effected in the designated beneficiaries without their consent. Petitioner was born July 22, 1896, and his former wife was born June 18, 1906. The probability that Edith T. Steelman would survive the petitioner was approximately 70 per cent. For the years 1954, 1955 and 1956, petitioner paid premiums on the five policies of insurance under consideration in the respective amounts of $1,285.21, $1,273.31 and $1,249.14. These amounts were deducted in full by the petitioners on their Federal income tax returns. Petitioners now concede that the amounts of $141.32 paid in 1954, $140 paid in 1955, and $137.40 paid in 1956, were not paid in accordance with the decree of divorce because they were in payment for insurance in excess of $30,000. Prior to their divorce, *161 petitioner and Edith T. Steelman owned, as tenants by the entirety, the premises located at 10 Buckingham Avenue, Trenton, New Jersey. The divorce decree ordered petitioner to convey to Edith his interest in that property, which he did in 1954. He was further ordered to: "pay and discharge the mortgage upon said dwelling house, No. 10 Buckingham Avenue, Trenton, New Jersey, within four (4) years from the date of this Judgment and, until said mortgage is paid and discharged, that the said defendant pay the interest thereon as and when the same comes due, and if in the meantime the said plaintiff should sell said dwelling house and lot, the said defendant will pay to the said plaintiff the amount of the said mortgage within the aforesaid time, and in the meantime will pay her interest thereon at the same rate of interest as is now required to be paid upon said mortgage." Accordingly, petitioner paid $1,000 in 1955, and $4,600 in 1956, thereby satisfying in full the mortgage obligation. Petitioners deducted these mortgage payments in full in the years when paid as additional alimony. Respondent disallowed the deductions taken by petitioner for both the insurance premiums and the *162 mortgage payments. Opinion The first issue is whether the annual premiums paid on the various policies of insurance under consideration which provided insurance on petitioner's life in the amount of $30,000, constituted periodic payments of alimony within the meaning of section 71 [1] of the 1954 Internal Revenue Code, and thus were deductible under section 215. [2]
*163 Confronted by a similar question in James Parks Bradley, 30 T.C. 706 (1958), a case involving a permanent separation, we said, beginning on page 707: "This question has been dealt with in a number of decisions by this Court and the Courts of Appeals in varying fact situations. See Anita Quinby Stewart, 9 T.C. 195; Lemuel Alexander Carmichael, 14 T.C. 1356; Smith's Estate v. Commissioner, (C.A. 3) 208 Fed. (2d) 349, reversing in part a Memorandum Opinion of this Court [11 TCM 1167]; Lilian Bond Smith, 21 T.C. 353; Raoul Walsh, 21 T.C. 1063. The cases stand for the proposition that where the wife's interest in the policies is simply that of a contingent beneficiary - that is, where the policies have not been assigned to her in such a way that she becomes the actual owner and where the proceeds of the policies become hers only if she outlives her husband - the premiums paid by the husband are not deductible by him. * * *" Applying that test to the instant case, we conclude that the premiums paid during the years 1954, 1955 and 1956 are not deductible by the petitioners. There was no assignment *164 of the policies for Edith's benefit. Her interest therein was merely that of a contingent beneficiary. Should she remarry, or predecease the petitioner, her right to the proceeds thereof would be extinguished. It is thus apparent that she had none of the incidents of ownership commonly associated with policies of this nature. Petitioners argue that as a result of the payment of the annual premiums herein sought to be deducted, Edith received a continuing economic benefit, measurable in dollars and cents, which was taxable to her as income constructively received. As we view the situation, the only benefit derived by Edith from the payments made by petitioner was the knowledge that at some unknown future time either she or her son might benefit from the proceeds of the various policies. This does not constitute a taxable economic gain. The next issue concerns the deductibility as alimony of the mortgage payments made by petitioner pursuant to the decree of divorce. Section 71(c)(1) of the 1954 Code provides: "For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in *165 the decree, instrument, or agreement shall not be treated as periodic payments." While the exact amount of the unpaid mortgage obligation was not set forth in the decree, it was readily ascertainable by the parties. Thus, we are of the opinion that the payments in question constituted "installment" payments within the meaning of section 71(c)(1), and therefore not includible in Edith's income as "periodic" payments under section 71(a). Estate of Frank P. Orsatti, 12 T.C. 188 (1949); Klemm v. United States (D. Wis., unreported 1957). Since it was specifically provided that the mortgage be satisfied within four years after entry of the divorce decree, the exception contained in section 71(c)(2), concerning installment payments made over a period of ten years or more, is not applicable. Therefore, the payments under consideration were not deductible by petitioners under the provisions of section 215 of the 1954 Internal Revenue Code. Decisions will be entered under Rule 50. Footnotes
1. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of Divorce or Separate Maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. ↩
2. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. * * *↩