J. B. STEINEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 12034.   Promulgated March 9, 1948.

*L. Call Dickenson, Esq.*, and *Loyal E. Keir, Esq.*, for the petitioner.
*Frank M. Cavanaugh, Esq.*, for the respondent.

OPINION.

KERN, *Judge*: The Commissioner determined a deficiency of $1,028.32 in the petitioner's income and victory tax liability for 1943. The greater part of the deficiency thus determined is due to the disallowance of deductions which the petitioner had claimed in 1942 and 1943 for monthly payments of alimony to his former wife; and the sole issue before us in this proceeding is whether the amounts so paid are deductible under section 23 (u) of the Internal Revenue Code, as added by section 120 (a) of the Revenue Act of 1942.

The parties have submitted this proceeding upon a complete stipulation of facts under Rule 30. We adopt their stipulation as our findings of fact.

The petitioner resides in Des Moines, Iowa. He filed his returns with the collector of internal revenue for the district of Iowa.

On December 30, 1935, the petitioner and his wife were divorced by decree of an Iowa court. They had executed a stipulation covering their property rights in the event that a divorce should be granted which was approved by the court. The decree of the state court granting the divorce and approving the property stipulation provided in part that the petitioner was to pay to his wife (the plaintiff) the "sum of $100 per month on or before the first of each and every month commencing with the 1st of January, 1936, until the sum of $9,500 is paid; unless the plaintiff shall re-marry,[1] and upon her re-marriage all remaining payments that are not in default at the time of said marriage shall be canceled, save and except any payments that shall become due during the time of said marriage and the making of said default payments." In accordance with that provision the petitioner made monthly payments of $100 each to his wife, which aggregated $1,200 during 1942 and $1,100 during 1943. He deducted those amounts in his income tax returns for the same years. Assuming that the petitioner had made all payments required by the decree (and there is nothing in the record before us to indicate the contrary), the sum of $9,500 was fully paid during 1943 and within a period of 7 years and 11 months from the date of the decree.

The narrow and apparently novel question presented by this proceeding is whether the amounts paid by the petitioner to his former wife are "installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree" within the meaning of section 22 (k), as added by section 120 (b) of the Revenue Act of 1942.[2] The effect of that section, combined with section 23 (u), is to prohibit the allowance of deductions for such payments except under conditions stated hereinafter.

Section 23 (u) allows deductions from the gross income of a divorced husband for "amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year." Section 22 (k) provides in material part as follows:

In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a

---

[1] The property stipulation provided that the payments would be canceled upon remarriage or death.

[2] The application of the amendment to the year 1942 depends upon the initial date of the wife's first taxable year beginning after December 31, 1941. See section 120 (g) of the Revenue Act of 1942. This date is not shown. However, since the amendment is clearly applicable to the year 1943, and the parties make no contention in regard thereto, the main question will be considered without reference to the applicability of the amendment to the year 1942.

written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * * Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, but only to the extent that such installment payment for the taxable year of the wife (or if more than one such installment payment for such taxable year is received during such taxable year, the aggregate of such installment payments) does not exceed 10 per centum of such principal sum. For the purposes of the preceding sentence, the portion of a payment of the principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be considered an installment payment for the taxable year in which it is received. * * *

The amounts paid by the petitioner to his former wife were due and payable, if at all, within a period of less than 10 years from the date of the decree, and, therefore, the present facts do not fall within the stated exceptions to the statutory provision covering the "installment payments discharging a part of an obligation the principal sum of which is * * * specified in the decree * * *." The sole question is whether that provision of the statute is applicable to this proceeding.

The petitioner's argument is predicated upon a construction of his obligation under the decree of divorce in accordance with the laws of Iowa. He contends that he had only a conditional month-to-month obligation to pay $100 to his former wife provided that she was living and not remarried on the first of each and every month. He says that the sum of $9,500 was merely a maximum limitation upon such obligation. In brief, he argues that he had no "obligation the principal sum of which is * * * specified in the decree" and, therefore, that the payments in question were "periodic" but not "installment" payments within the meaning of section 22 (k).

We have no difficulty in concluding that there was, in the instant case, a "principal sum * * * specified in the decree." There is only a formal difference between a decree specifying the payment of $9,500 in monthly installments of $100, and a decree specifying the payment of $100 per month until the sum of $9,500 is paid.

The most serious question presented by petitioner's contention is whether there was here such an *obligation* to pay a principal sum as the statute contemplates. Petitioner contends with vigor and considerable plausibility that the term "obligation" as used in the statute must be a definite and unconditional obligation in a specific sum of money and that petitioner's obligation under the decree in question was indefinite, uncertain, and so conditional that it can not be considered as an obligation within the meaning of section 22 (k). Peti-

tioner points out that if his former wife remarried at any time prior to his payment of the monthly amounts totaling $9,500, any obligation on his part to make further payments would cease to exist, and also points to certain decisions of the Iowa courts to the effect that decrees in divorce actions similar to the one entered in the instant case are not "lump sum judgments" owned absolutely and in their entirety by the spouse obtaining the divorce, but are subject to change by the court, are contingent upon the life of the spouse in whose favor the decree is entered, and are not subject to garnishment, citing *Kraft* v. *Kraft*, 193 Iowa 602; *Pedersen* v. *Pedersen*, 235 Iowa 709; and *Malone* v. *Moore*, 204 Iowa 625.

We are not persuaded that the petitioner's construction of the statute in question is sound. There is nothing in the statute itself or in its legislative history [3] to indicate that Congress intended the word "obligation" to mean only an absolute and unconditional obligation similar to that represented by a judgment in an action in assumpsit. The subject matter of the legislation was an obligation because of marital relationship imposed upon the husband in a principal sum by the decree of a court incident to a divorce. The apparent probability must have presented itself to Congress that the decrees of the courts of different states rendered in divorce actions dealing with obligations arising from the marital relationship would differ as to the degree of absoluteness and lack of contingency. Yet Congress enacted the broad provision in question and intended it to be applied uniformly, regardless of variances in local law. We are of the opinion that the word "obligation" is used in section 22 (k) in its general sense and includes obligations subject to contingencies where those contingencies have not arisen and have not avoided the obligation during the taxable years. Stated conversely, we are of the opinion that the word "obligation" is not used in section 22 (k) to mean only an absolute and unconditional obligation, as petitioner contends.

We hold that the payments made by the petitioner to his former wife are installment payments within the meaning of section 22 (k). He had an obligation, in the ordinary sense of that word, the principal sum of which was specified in the decree of divorce. The amounts would not be includible under section 22 (k) in the wife's gross income. Therefore, they are not deductible under section 23 (u) from the petitioner's gross income.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

[3] H. Rept. No. 2333, 77th Cong., 1st sess., p. 71 (C. B. 1942-2, p. 427) ; S. Rept. No. 1631, 77th Cong., 2d sess., p. 83 (C. B. 1942-2, p. 568).