ROLAND KEITH YOUNG, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 13191.   Promulgated April 30, 1948.

*J. Everett Blum, Esq.*, for the petitioner.
*Earl C. Crouter, Esq.*, for the respondent.

OPINION.

Harron, *Judge*: The question whether petitioner is entitled to deduction for alimony payments under section 23 (u) of the Internal Revenue Code requires consideration of the provisions of section 22 (k). If the payments which are involved here are includible in the gross income of the former wife of petitioner under section 22 (k), petitioner is entitled to deductions for the payments under section 23 (u).

The question to be decided comes under section 22 (k), and it is whether the payments which petitioner made in the taxable years 1942 and 1943 were "periodic payments," as petitioner contends, or "installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree," as respondent contends. The dispute between the parties to this proceeding involves a portion of section 22 (k), which is set forth below.[3] Section 22 (k) makes "periodic payments" received from a husband subsequent to a decree of divorce, in discharge of his legal obligation under the decree, includible in the wife's gross income, but certain installment payments are not to be considered "periodic payments" within the meaning of that term, as used, if they are in discharge of the husband's obligation to pay a principal sum which

---

[3] (k) Alimony, Etc., Income.—In the case of a wife who is divorced * * * from her husband under a decree of divorce * * *, *periodic payments* * * * received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital * * * relationship is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce * * * shall be includible in the gross income of such wife * * *. *Installment payments* discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered *periodic payments* for the purposes of this subsection : except that an installment payment shall be considered a *periodic payment* for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree * * *. [Italics added.]

is specified in the decree. The payments of a husband to a former wife must be, *inter alia*, "periodic payments" under section 22 (k) in order to be deductible from his gross income under section 23 (u).

Petitioner contends that the divorce decree, by its terms, did not obligate petitioner to pay his former wife a definite sum of money over the prescribed period of fifty months. He points out that it would not have been possible at the time the decree was entered to compute a lump sum or total sum from the provisions in the decree relating to the future payments because the future payments were dependent upon his future net income, and neither the future gross nor the future net income was fixed. He was not working under any contract when the decree was entered; his gross income was not fixed in any respect.

Respondent argues that the payments here involved were installment payments of a lump sum, rather than periodic payments, and that they were not alimony payments.

The payments in question were alimony payments. There is no doubt whatsoever on this point; the divorce decree designates them as payments "for support and maintenance of" Marjorie K. Young.

The payments come within section 22 (k): (a) They were received by a wife who was divorced under a decree of divorce; (b) they were in discharge of a legal obligation which, because of the marital relation, was imposed upon the husband under such decree (and was incurred by him under a written agreement incident to the divorce); and (c) they were received subsequent to the divorce.

It is our conclusion that the payments were periodic payments as that term is used in section 22 (k). We find from all of the evidence that petitioner's contentions are correct. The divorce decree allowed to the former wife periodic (monthly) payments for a fixed period without designation of the total amount to be paid. Such payments are considered to be "periodical payments" as distinguished from "a lump sum payable in installments." See Nelson, Divorce and Annulment (2d Ed.), sec. 14.23, vol. 2, pp. 30, 31.

The petitioner desired that the future support of his then wife should be insured, within certain limitations, and, to that end, he obtained her agreement that she would create a trust fund, making herself the beneficiary, into which he would pay $20,000 upon the creation of the trust, and to which he would make monthly payments thereafter, the amounts of which were not fixed but were made dependent upon the amount of his future net income. All of this was agreed to prior to the divorce, under the agreement of February 20, 1940. Their plan was that petitioner would pay some sum, not fixed, monthly to Marjorie Young, and some other sum, not fixed, to her trustee. They agreed that the maximum total of the monthly payments would be

$1,000. This plan of monthly payments was adopted by the court and set forth in the divorce decree. There were two payees—Marjorie Young and the trustee; and in each year the respective proportion to be paid to each payee of the total monthly payment was to change; i. e., Marjorie Young was to receive directly a decreasing proportionate part of each monthly payment, and the trustee was to receive an increasing proportionate amount. Thus there were three factors to be considered plus the factor of changes in the future annual net income of petitioner. The provisions in the divorce decree did no more than prescribe a maximum total monthly payment, based upon an annual net income of $50,000, and *a method for computing* monthly payments on the basis of any annual net income below $50,000. These provisions did not fix any total sum as a fixed sum to be paid over the fixed period of fifty months. Therefore, the payments in question were not payments "discharging part of an obligation the principal sum of which is, in terms of money or property, specified in the decree." It follows that the payments were not "installment payments," but were "periodic payments" under section 22 (k).

Petitioner is entitled to deductions under section 23 (u) for the periodic payments which he made in 1942 and 1943.

The facts distinguish this proceeding from *J. B. Steinel*, 10 T. C. 409, where it was held that alimony payments were "installment payments" under section 22 (k), because the husband "had an obligation, in the ordinary sense of that word, *the principal sum of which was specified in the decree of divorce.*" (Italics added.)

*Decision will be entered under Rule 50.*