LEECH, *J.*, agrees with this dissent.

JOHN H. LEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14307. Promulgated May 17, 1948.

*John Potts Barnes, Esq.*, for the petitioner.
*Maurice S. Bush, Esq.*, for the respondent.

OPINION.

Murdock, *Judge*: Section 23 (u) of the Internal Revenue Code, enacted after the date of the present agreement, allows a husband a deduction of amounts includible under section 22 (k) in the gross income of his wife, payment of which was made within the husband's taxable year. Section 22 (k) provides that there shall be included in the gross income of a wife who is divorced from her husband under a decree of divorce "periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce * * *." It further provides that: "Installment payments discharging a part of an obligation, the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument * * *."

It is conceded that the·payments were made·under the agreement, the agreement was incident to the divorce, the payments were made subsequent to the decree, and they were made in discharge of a legal obligation which, because of the marital relationship, was imposed upon the petitioner under the written instrument. The only difference between the parties is that the petitioner contends the payments made by him to Grace during the taxable years were "periodic payments," whereas the Commissioner contends that they were "installment payments" within the meaning of section 22 (k). The problem is difficult and little help has been found.

The Commissioner argues that there must be uncertainty as to the total amount to be paid and indefiniteness as to the length of the period during which the payments are to be made, in order that the payments may be classified as "periodic" and, conversely, the two requisites of "installment payments" are certainty as to the amount and definiteness as to the period. Those "requisites" are not found in the statute, the regulations, or the legislative history of the provisions. He also argues that a lump or principal sum is specified wherever the total amount to be paid under the decree or instrument can be calculated by a formula. That argument would carry him too far. If a husband were required to pay $200 per month for life the total amount could be calculated by the use of a formula involving mortality tables, yet such payments would clearly be periodic and not installment payments. The total payments to be made in the present case could not be as satisfactorily calculated in advance because there was no means of determining what the "net income" of this petitioner might be. The Commissioner argues, however, that a lump sum is specified in this case because at the end of five years the exact amount to be paid will be known. That argument also carries too far, because eventually all uncertainties in every case will be resolved by the passing of time. No aid by analogy develops from consideration of the provision of 22 (k) making even lump sums payable in ten or more years taxable to the wife.

The agreement of the parties in this case fixed no principal sum and it was impossible to know in advance how much the petitioner would have to pay his wife. She was not content to receive a lump sum, but wanted to share in his earnings. These payments do not come within the description of installment payments contained in section 22 (k). All other payments are to be considered as periodic payments and taxable to the wife rather than to the husband. The period of five years fixed by the agreement is not sufficient, in view of the uncertainty as to the amount, to make these payments taxable to the husband under sections 22 (k) and 23 (u). Cf. *Roland Keith Young*, 10 T. C. 724.

*Decision will be entered under Rule 50.*