ESTATE OF FRANK P. ORSATTI, DECEASED, ESTELLA ORSATTI BURRESS AND BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, CO-ADMINISTRATORS WITH THE WILL ANNEXED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13466. Promulgated February 10, 1949.

*Arthur Manella, Esq.*, for the petitioners.
*Byron M. Coon, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: The principal issue between the parties is whether, under the facts in the instant case, payments made by decedent to his wife pursuant to the property settlement agreement incident to their divorce were "periodic" or "installment" payments within the

meaning of section 22 (k) of the Internal Revenue Code.[1] The deductibility of these payments by decedent under section 23 (u) [2] rests upon the determination of this issue.

Petitioners point to the fact that under the agreement herein the total amount which decedent was obligated to pay was contingent upon the death or remarriage of the wife. Petitioners contend that the settlement agreement, which provided for payments of $125 per week for 104 weeks, set only a maximum ceiling and did not constitute "an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument" and the payments were therefore "periodic."

This issue is essentially the same as that presented in *J. B. Steinel*, 10 T. C. 409, and we regard our ruling in that case as determinative of our decision herein. In *J. B. Steinel, supra*, we held that the word "obligation" as used in section 22 (k) is to be construed in its general sense and as including obligations subject to such contingencies as the death or remarriage of the divorced spouse "where those contingencies have not arisen and have not avoided the obligation during the taxable years."

On the authority of this interpretation of section 22 (k) we are of the opinion that the "principal sum" of an obligation may be "specified" in a decree or instrument regardless of the fact that the obligation to make payments thereon may be cut short by the death or remarriage of the wife. We believe that the principal sum must be regarded as specified until such time as the contingencies actually arise and avoid the obligation.

We are in agreement with counsel for petitioners that it is of no importance that under the settlement agreement one must multiply the specified weekly payments by the number of weeks over which they

[1] SEC. 22. GROSS INCOME.

* * * * * *

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, *periodic payments* * * * received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * *. *Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection* * * *. [Italics supplied.]

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

* * * * * *

(u) ALIMONY, ETC., PAYMENTS.—In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year.

were to be paid to determine the principal sum specified. There is at best only a formal difference between such a decree and one where the total amount is expressly set out. *J. B. Steinel, supra.*

The cases of *Roland Keith Young*, 10 T. C. 724, and *John H. Lee*, 10 T. C. 834, relied upon by petitioners, are distinguishable upon the terms of the instruments involved in those cases.

Upon authority of *J. B. Steinel, supra*, we hold that the payments made by decedent to his divorced wife are "installment" payments within the meaning of section 22 (k) and, therefore, are not deductible under section 23 (u). The respondent's determination must be sustained.

*Decision will be entered for the respondent.*