*Decision will be entered under Rule 50.*

## FRANK R. CASEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16631. Promulgated February 21, 1949.

*George Kerr, Esq.*, for the petitioner.
*Clarence E. Price, Esq.*, for the respondent.

## OPINION.

ARUNDELL, *Judge*: If we are to follow our decision in *J. B. Steinel*, 10 T. C. 409, there can be no doubt that the alimony provision embodied in the court order dated July 12, 1944, resulted in "installment" rather than "periodic" payments under section 22 (k) of the Internal Revenue Code.[1] Such payments are not deductible by the husband under section 23 (u) of the code.[2] Thus, unless the court order dated September 10, 1947, entitles the petitioner to deduct the alimony payments made by him in 1944, it is clear that the respondent's determination must be sustained.

In order to eliminate from the order of July 12, 1944, the statement of the principal sum of $5,000, in figures, the journal entry in the order of September 10, 1947, provided simply for the payment of "One Hundred Dollars ($100.00) per month for the period of fifty (50) months." It further stated that the payments were "periodic" and that the wife was obliged to pay the Federal income tax on such installments.

We have recently held that there is no material difference between a decree where the total amount is expressly set out and one where it is necessary to multiply the weekly payments by the number of weeks over which they were to be paid in order to determine the principal sum specified. *Estate of Frank P. Orsatti*, 12 T. C. 188.

It would therefore appear that under the alimony provisions of either the original or the amended decree the principal sum of the obligation is specified in the decree and is made payable within a period ending less than 10 years from the date of the order. This results in the classification of the payments made under either decree as "installment" payments within the meaning of section 22 (k). As such,

---

[1] SEC. 22. GROSS INCOME.

* * * * * * *

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, *periodic payments* * * * received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * *. *Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection;* except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument * * *. [Italics supplied.]

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

* * * * * * *

(u) ALIMONY, ETC., PAYMENTS.—In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year.

they are not deductible by the husband under section 23 (u).

We attach no weight to the fact that the amended decree, as prepared by petitioner's counsel and adopted by the court, attempted to characterize the alimony payments as "periodic" and not "installment." That is a determination to be made by this Court upon consideration of all the facts. Nor does the provision in the amended decree to the effect that the wife should pay a tax on her alimony have any significance in the instant proceeding. It is Congress that imposes the tax, and this may not be changed by prior agreements. Moreover, what petitioner seeks is a deduction, and deductions are a matter of legislative grace. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435.

In view of our disposition of the principal issue herein, we find it unnecessary to consider the possible effect of a *nunc pro tunc* decree in so far as it attempts retroactively to alter the terms of the original decree and thereby the tax liability of the parties. On the authority of *J. B. Steinel, supra,* and *Estate of Frank P. Orsatti, supra,* the respondent's determination must be sustained.

*Decision will be entered for the respondent.*