Benjamin Davidson v. Commissioner.
Davidson v. Commissioner
Docket No. 31041.
United States Tax Court
1952 Tax Ct. Memo LEXIS 40; 11 T.C.M. (CCH) 1111; T.C.M. (RIA) 52326; November 17, 1952
*40 Neil D. McCarthy, Esq., for the petitioner. Charles H. Chase, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: A deficiency in income tax of $554.63 for 1947 is in controversy. The sole question is the deductibility as "alimony" under section 23(u) of certain payments made by petitioner to his divorced wife. All of the facts have been stipulated and constitute our findings of fact. Petitioner's income tax return for the period in question was filed with the collector for the sixth district of California. By an interlocutory decree entered July 31, 1946 and a final decree on August 4, 1947, petitioner was divorced from his former wife. Incorporated in the decree was a provision that: "SEVENTH: The husband agrees * * * to pay to the wife the sum of * * * $250 per month for a period of five (5) years for the support and maintenance of herself and the minor children * * *. However, if the wife shall remarry at any time within the five year period then thereafter the said monthly installment is to be reduced to the sum of * * * $125.00 per month * * * for the support and maintenance of the said minor children * * *." Respondent disallowed the payments *41 claimed thereunder as a deduction. The provision for support of the children after the wife's death or remarriage renders the portion of the support-money payable for that purpose - $125 per month - adequately identifiable, Robert W. Budd, 7 T.C. 413, affd. (C.A. 6) 177 Fed. (2d) 198, and thus precludes it from deduction by petitioner in any event. Harold M. Fleming, 14 T.C. 1308. As to the balance, petitioner's brief itself recognizes that "this Court has held that if it is at all possible to compute a total sum from the amount of the payments and their duration, then they are to be considered installment payments of a lump sum. [J. B. Steinel, 10 T.C. 409] Further such payments are to be regarded as installment payments regardless of the contingency of death or remarriage altering this lump sum." Estate of Frank P. Orsatti, 12 T.C. 188. Under this definitive approach, petitioner's agreement to pay for five years the sum of $125 a month was readily convertible into a total of 60 times $125, which is then a "lump sum" under the doctrine of the Orsatti case that "one must multiply the specified weekly payments *42 by the number of weeks over which they were to be paid to determine the principal sum specified." We see nothing in Ralph Norton, 16 T.C. 1216 to alter our conclusion that under the rules stated no part of the payments in question is thus deductible by petitioner under section 23(u). Decision will be entered for the respondent.