Rudolf B. S. Myers v. Commissioner.
Rudolf B. S. Myers v. Commissioner
Docket No. 31688.
United States Tax Court
1952 Tax Ct. Memo LEXIS 23; 11 T.C.M. (CCH) 1163; November 28, 1952
*23 Held, the payments of $3,000, which petitioner made to his divorced wife in each of the taxable years 1946 and 1947, were not payments which were taxable to her under subsection 22(k) of the Code and are, therefore, not deductible by petitioner under subsection 23(u) of the Code. J. B. Steinel, 10 T.C. 409, followed. Ransom W. Chase, Esq., 610 Title Insurance Bldg., Los Angeles, Calif., for the petitioner. Clayton J. Burrell, Esq., for the respondent. BLACK
Memorandum Findings of Fact and Opinion The Commissioner has determined deficiencies in petitioner's income tax as follows: Year
Amount
1946
$1,474.91
1947
1,398.63 The reason for the deficiencies is explained in the deficiency notice as follows: "It is held that payments in the amount of $3,000.00 made by *24 you to Mary Elizabeth Myers, your divorced wife, during each of the taxable years 1946 and 1947, do not qualify as periodic alimony payments and are not allowable deductions under section 23 (u) of the Internal Revenue Code in computing your net income. * * *" To this action of the Commissioner, the petitioner assigned error as follows: "1. That in each of said years 1946 and 1947 the Commissioner erroneously disallowed periodic payments aggregating $3,000.00 per year made by petitioner to his divorced wife in discharge of a legal obligation of petitioner imposed and incurred by petitioner under a Decree of Divorce and under a written instrument incident to said divorce, which payments under subsection (k) of Section 22 of the Internal Revenue Code were includible in the gross income of said divorced wife and not includible in the gross income of petitioner." Findings of Fact The evidence consists of a stipulation of facts and exhibits received at the hearing from which we make the following findings: Petitioner resides in Los Angeles County and filed his returns for the periods involved with the Collector of Internal Revenue at *25 Los Angeles, Sixth District of California. The petitioner and Mary Elizabeth Myers were at all times subsequent to June 16, 1936, husband and wife until their divorce. About May 28, 1945, Mary Elizabeth Myers instituted a divorce action against the petitioner in the Superior Court of the State of California, in and for the County of Los Angeles. They entered into an agreement relating to their property rights on or about June 1, 1945. By the terms of this agreement, the petitioner granted and quitclaimed to his wife a 1941 Pontiac automobile, all furniture, furnishings and household equipment of the parties with the exception of a radio phonograph, all jewelry, clothing, personal effects, including wedding gifts in possession of the wife or in storage for her account, all bank accounts in the name of the wife, 33 shares of Massachusetts Investors stock in her name, a 20-year payment life policy issued by the Equitable Life Insurance Company, United States Savings Bonds Series E in the face amount of $775, and all stock, securities and personal property standing in the name of or being in the possession of the wife. By that agreement the wife granted and quitclaimed to the husband *26 her interest in a Packard automobile, radio phonograph, 35 shares of Massachusetts Investors stock, jewelry, clothing and personal effects in the possession of petitioner, bank accounts standing in his name, and all stocks, bonds, securities and other personal property standing in his name or being in his possession. The agreement also provides that the petitioner shall pay to his wife for the support and maintenance of the minor child of the parties certain stipulated sums per month until the daughter attains the age of 21 years, or until her earlier demise or marriage. Payments made by petitioner under this part of the agreement are not involved here. The agreement, in addition to providing for a division of the property of the parties, also provided for the support, maintenance and care of the wife in the following language: "SEVENTH: The husband agrees to pay the wife for her support, maintenance and care, in consideration of her execution hereof, the sum of Two Hundred Fifty Dollars ( $250) a month, in advance, during the period commencing on June 1, 1945, and continuing until May 31, 1951, after which date the husband shall not be called upon or required to pay to the wife *27 any amount for her support, maintenance and care. The remarriage of the wife shall not relieve the husband from the performance of his obligations in this paragraph contained." On July 2, 1945, an interlocutory decree of divorce was granted in the divorce action. This decree incorporated in substance petitioner's agreement to pay plaintiff for her support, maintenance and care the sum of $250 a month for the period mentioned in paragraph SEVENTH of the agreement. A final decree of divorce was entered October 10, 1946, which incorporates the terms of the agreement in the interlocutory decree. Pursuant to the provisions of paragraph SEVENTH of the property settlement agreement, and in accordance with the terms of the interlocutory and final decrees of divorce, the petitioner paid his wife $3,000 during the year 1946, and $3,000 during the year 1947. These payments were claimed by petitioner as a deduction in his income tax returns filed for each of the years 1946 and 1947. The Commissioner in his determination of the deficiencies disallowed the claimed deductions and stated his reasons as already set out in our preliminary statement. From the foregoing findings we make the following *28 ultimate finding of fact: Payments made by petitioner to his former wife during the taxable years 1946 and 1947 were installment payments discharging part of an obligation the principal sum of which is, in terms of money, specified in the decree of divorce between petitioner and his former wife, and were not includible in the said former wife's gross income within the provisions of section 22(k) of the Internal Revenue Code. Opinion BLACK, Judge: There is no dispute but that petitioner made to his divorced wife payments of $3,000 in each of the taxable years and that these payments were made to her under the terms of an agreement incident to a divorce and which were incorporated as a part of the divorce decree. The question is, were these payments taxable income to the wife under the provisions of subsection 22(k) of the Code. If they were, then they are deductible by petitioner under section 23(u) of the Code. If they were not, then they are not deductible. The applicable provisions are printed in the margin. [1]
*29 It is, of course, plain that payments which petitioner made to his divorced wife in each of the taxable years come within the general language of the first paragraph of subsection 22(k). But that subsection contains several exceptions and one of these exceptions, reads: "* * * Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; * * *" It is respondent's contention that the foregoing exception is applicable here and it is upon the strength of that [that] he has determined that the $3,000 in question for each of the taxable years was not taxable income to Mrs. Myers, under subsection 22(k) and therefore is not deductible to petitioner under subsection 23(u). Respondent in effect contends that under the terms of paragraph 7 of the agreement, petitioner agreed to pay his divorced wife a principal sum of $18,000 payable over a period of six years beginning June 1, 1945 and ending May 31, 1951 and that this principal sum was payable in monthly installments of $250 a month or $3,000 a year and was *30 to be paid to Mrs. Myers regardless of whether or not she remarried. In other words it is an installment obligation which falls within the exception provisions contained in subsection 22(k). It is petitioner's contention that the payments which petitioner agreed to make to his divorced wife were contingent upon the survival of both himself and his wife and therefore the extent of his obligation was not a principal sum expressed in terms of either money or property and are therefore not covered by the exception in subsection 22(k) upon which respondent relies. Respondent, in arguing his case in his brief, contends that the pertinent facts of this case cannot be distinguished in principle from those presented in J. B. Steinel, 10 T.C. 409, except there the payments were further subject to the condition that if the former wife remarried at any time, any obligation to make further payments would cease to exist. Respondent points out that contingency does not exist here but that the payments continue even though the wife remarries. In upholding the Commissioner's disallowance in the Steinel case the Court stated: "* * * We are of the opinion that the word "obligation" *31 is used in section 22(k) in its general sense and includes obligations subject to contingencies where those contingencies have not arisen and have not avoided the obligation during the taxable years. Stated conversely, we are of the opinion that the word "obligation" is not used in section 22(k) to mean only an absolute and unconditional obligation, as petitioner contends." Later decisions have consistently followed this position. F. Ellsworth Baker, 17 T.C. 1610, (on review, C.A. 2nd); Harold M. Fleming, 14 T.C. 1308; Estate of Frank P. Orsatti, 12 T.C. 188. Petitioner contends that the foregoing cases are contrary to Roland Keith Young, 10 T.C. 724, and John H. Lee, 10 T.C. 834, and that we should follow the Young and Lee cases and should overrule our decision in J. B. Steinel, supra, and the cases which have followed it. In Estate of Frank P. Orsatti, supra, we said, among other things: "The cases of Roland Keith Young, 10 T.C. 724, and John H. Lee, 10 T.C. 834, relied upon by petitioner, are distinguishable upon the terms of the instruments involved in those *32 cases." In Harold M. Fleming, supra, we said: "* * * The total alimony - qua alimony as contrasted to payments designated for the maintenance of the child - payable to the wife under the agreement amounted to 60 monthly payments of $100 each, or a total due of $6,000. It is immaterial that this principal sum was set forth in specified monthly payments rather than as a total figure. Estate of Frank P. Orsatti, 12 T.C. 188; cf. J. B. Steinel, 10 T.C. 409. Nor do the contingencies, such as the wife's death or remarriage which would terminate the monthly $100 sums payable to her, prevent the total due from being an "obligation" ( Steinel, supra) or from being "specified" ( Orsatti, supra) within the intendment of section 22(k)." We feel that in this proceeding we should follow the Steinel case and other cases which have followed it, and we do so. The determination of the Commissioner is therefore sustained. Decision will be entered for the respondent. Footnotes
1. SEC. 22. GROSS INCOME. * * *
(k) Alimony, Etc., Income. - In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments* * * received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * * Installment payments discharging a part of an obligation, the principal sum of which is; in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; * * * [italics supplied]. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (u) Alimony, Etc., Payments. - In the case of a husband described in section 22 (k), amounts includible under section 22 (k)↩ in the gross income of his wife, payment of which is made within the husband's taxable year. * * *