Harry Talberth v. Commissioner. Harry Talberth and Alice J. Talberth, husband and wife v. Commissioner.
Talberth v. Commissioner
Docket Nos. 1010-62, 1011-62.
United States Tax Court
T.C. Memo 1963-295; 1963 Tax Ct. Memo LEXIS 49; 22 T.C.M. (CCH) 1507; T.C.M. (RIA) 63295; October 29, 1963
*49 Provisions of a separate maintenance judgment and of an amended judgment allocated a portion of the annual payments "for tax purposes only" for the support of the children. Held, such provisions did not fix any portion of the payments for the support of the children within the meaning of section 71(b) of the Internal Revenue Code of 1954 and, therefore, petitioner is entitled to deduct the annual payments in full under section 215(a) of the Internal Revenue Code of 1954. David E. Crabtree, for the petitioners. Samuel T. Reiner, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined deficiencies in income tax of Harry Talberth in Docket No. 1010-62 for the year 1958 in the amount of $1,486.04, and in the income tax of Harry Talberth and his wife Alice J. Talberth in Docket No. 1011-62 for the year 1959 in the amount of $1,191.87. The two dockets have been consolidated. The issue in both dockets is whether all of the $6,000 paid by Harry Talberth to his former wife Jean in each of the years 1958 and 1959 pursuant to the provisions of a state court separate maintenance judgment (and an amended judgment) procured by Jean represented deductible alimony payments. All of the facts are stipulated and they are found accordingly. Harry Talberth and his wife Alice live at Haddonfield, New Jersey. Harry, who will be referred to as petitioner, *51 filed an individual income tax return for the year 1958 and a joint return with Alice for the year 1959. The returns were filed with the district director of internal revenue at Camden, New Jersey. Jean Talberth, the former wife of petitioner, instituted an action in the Supreme Court of New York in and for Kings County, New York, against the petitioner to secure separation from bed and board, custody of their then three minor children, and alimony and support money. A judgment was entered by said court in this action on November 14, 1956 granting Jean the separation and custody of the children. The said judgment provided, with respect to payments, that - it is further ORDERED, ADJUDGED AND DECREED that the defendant be and he hereby is directed to pay to the plaintiff the total annual sum of $7,200.00, and that for tax purposes only, the said sum is allocated as follows: $2,000.00 a year payable to the plaintiff for her support and $5,200.00 a year payable to the plaintiff for the support of the three infant children to wit., BARBARA, age 18, EDWARD, age 15, and ALICE, age 10. The sum of $600.00 per month is to be paid by check or money order in two equal installments of $300.00 *52 each on or about the 1st and 15th day of each and every month commencing with the 1st of September, 1956, and it is further * * *
Upon motion of the petitioner the above judgment was amended by the issuing court in June 1960 after one of the children attained majority, decreasing the payments to be made by petitioner by the amount of $700. The payment provision of this amended judgment provided that - it is further ORDERED, ADJUDGED AND DECREED, that the defendant be and he hereby is directed to pay to the plaintiff the total annual sum of $6500.00, and that for tax purposes only, the said sum is allocated as follows: $2,000.00 a year payable to the plaintiff for her support, and $4500.00 a year payable to the plaintiff for the support of the two infant children, to wit., EDWARD, age 19, and ALICE, age 14, which said sum shall be paid in two equal monthly installments of $270.83 by check or money order, payable on the first and fifteenth day of each and every month, commencing as of January 1, 1958, and it is further * * *
It is stipulated that petitioner obtained a divorce decree in the State of Alabama in 1956. It is also stipulated petitioner paid Jean pursuant *53 to the New York Court's judgment, and amended judgment, the sum of $6,000 in each of the years 1958 and 1959 and in the returns for said years petitioner took deductions for the full amounts paid to Jean. In his notice of deficiency in each year respondent determined that $5,200 of the $6,000 paid to Jean was not "allowable as a deduction for alimony" because this sum represented amounts paid for the support of petitioner's children. The narrow issue is: Do the provisions of the judgment of November 14, 1956 (and of the amended judgment of June 10, 1960) allocating a portion of the payments "for tax purposes only" for the support of the children, fix any part of such payments as support for the children, within the meaning of section 71(b), Internal Revenue Code of 1954? Under section 71(a)(1), if a taxpayer-husband is legally separated from his wife, her income includes the periodic payments she receives from her husband imposed by the decree and the amount includable in her income is, under section 215(a) allowable as a deduction from the husband's gross income. However, section 71(b) provides: SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) *54 General Rule. - * * *
(b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support. Prior to the opinion of the Supreme Court in 1961 in the case of Commissioner v. Lester, 366 U.S. 299, there was a conflict among the Courts of Appeal with respect to the requisite clarity for fixing the child support portion in the governing instrument. Thus in Metcalf v. Commissioner, (C.A. 1, 1959) 271 F. 2d 288, it was held that out of $150 weekly payment to the wife, $125 was allocable to the support of five children because of a provision that the weekly payments were to be reduced by $25 when and if any child died, married, became self-supporting, or reached the age of 21. A contrary *55 result was reached in Lester v. Commissioner, (C.A. 2, 1960) 279 F. 2d 354, where any determination of child support allocation for three children would have to rest on the decrease of periodic payments in the event a child married, became emancipated, or died. The Supreme Court granted certiorari in the Lester case and in its opinion in Commissioner v. Lester, supra, it traced the legislative history of that portion of section 22(k) of the Internal Revenue Code of 1939, which is now section 71(b), Internal Revenue Code of 1954, quoted above. The opinion makes it very plain that to come within the exception portion of the statute the governing instrument "providing for the periodic payments must specifically state the amounts or parts thereof allocable to the support of the children." In the opinion it is stated: The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to *56 shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress. The Supreme Court pointed out that under the agreement in the Lester case the wife was free to spend the monies paid as she saw fit and "[including] the entire payments in the wife's gross income under such circumstances, therefore, comports with the underlying philosophy of the Code." The two New York judgments here involved do not in the language of the statute "fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband." Here, under the judgments, the wife would be free to spend the money paid to her as she saw fit. At least the judgments did not fix any part of the payments to the wife for use in supporting the children. We might speculate that some portion of total payments was intended for use in supporting the children. But Commissioner v. Lester, supra, forbids such speculation. The judgments involved seem to carefully avoid *57 any specific directions which might interfere with the wife's use of the money paid to her. The mention of allocation for support of the children is restricted "for tax purposes only". Such a provision is of no significance on the issue involving Federal income tax, and the amount that is to be included in the wife's gross income under section 71(a) and deducted from the husband's gross income under section 215(a). Frank R. Casey, 12 T.C. 224; Muriel Dodge Neeman, 13 T.C. 397, affd. per curiam 200 F. 2d 560. The provision is significant in that it shows allocation of part of the payments for support of the children was considered by the New York Court and probably by the parties to the action, and specific, unqualified, allocation of any portion of the payment for support of the children was rejected. About the only interpretation one could place on the clause is that the New York Court, possibly pursuant to the agreement of the parties, was attempting to divide the Federal tax obligations on the unrestricted payments made to the wife. The two judgments stand as providing periodic payments to petitioner's former wife with no allocation of any *58 portion thereof fixed by the judgments for the payment of support for the husband's children. As such all that petitioner paid his former wife pursuant to said judgments was includable in her gross income under section 71(a) and he is given deductions in the amount of said payments under section 215(a). Decisions will be entered for the petitioners.