John F. and Mulaika B. Stone v. Commissioner.
Stone v. Commissioner
Docket No. 836-63.
United States Tax Court
T.C. Memo 1964-140; 1964 Tax Ct. Memo LEXIS 198; 23 T.C.M. (CCH) 845; T.C.M. (RIA) 64140; May 18, 1964
John F. Stone, pro se, 46 Arlington St., San Francisco, Calif. Leslie M. Hartman, for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined a deficiency in income tax of petitioners in the amount of $229.08 for the calendar year 1959. The sole question is whether certain monthly payments made to petitioner Mulaika B. Stone by her former husband during 1959 are includable in her gross income for that year pursuant to Section 71(a)(1) of the Internal Revenue Code of 1954. The facts have been stipulated. Petitioners, husband and wife, are residents of San Francisco, California. They filed a joint income tax return for the year *199 1959 with the district director of internal revenue, San Francisco, California. Mulaika B. Stone will hereinafter be referred to as the petitioner. On July 26, 1955, petitioner, who at that time was married to Herbert Charles Corben, entered into an agreement with him entitled "Property Settlement Agreement". The agreement provided, in part, as follows: Herbert Charles Corben, hereinafter designated "Husband", and Mulaika Barclay Corben, hereinafter designated "Wife", hereby agree that the parties hereto are husband and wife; insurmountable marital difficulties have heretofore caused a separation between them, and it is their mutual desire to effect a final and complete settlement of their respective property rights with reference to their children, and to effectuate such a final and complete settlement they agree particularly as follows: I. The Husband shall pay to the Wife for her support and maintenance the sum of $150.00 per month for a period of four years, payable on the 28th day of each and every month thereafter until the end of four years from the 28th day of July, 1955, and in addition thereto, the Husband shall pay to his wife thirty percent (30%) of his gross income *200 in excess of $850.00 per month, but less than $1500.00 per month, that is, 30% of the sum of $650.00, being the difference between $1500.00 and $850.00, and said payments of said 30% of said gross income shall be made on the first day of each and every month as said amounts accrue for a period of four years from the 26th day of July, 1955. Should the Wife remarry any time during the said four years above mentioned, then and in that event the $150.00 monthly payments hereinabove provided for shall cease immediately upon such remarriage, but the 30% of the gross income hereinabove described shall continue for the full period of four years in event that the said Wife does remarry. II. So long as the Wife does not remarry, she shall pay to said Husband thirty per cent (30%) of her gross income in excess of $1500.00 per year and less than $18,000.00 per year, immediately upon receipt thereof, for a period of four years from the date of this agreement. However, it is understood and agreed by and between the parties hereto that the gross income does not and shall not include the $150.00 per month alimony or support money hereinabove mentioned and described to be paid by the Husband to the *201 Wife, and, further, that the arrangements contained in this Paragraph shall continue only during the time that the Wife does not remarry. III. Should the Wife in the future remarry some person other than the Husband herein, said Wife will and shall pay to said Husband 20% of her gross income in excess of $1500.00 per year and less than $17,000.00 per year, immediately upon receipt thereof, for the period of four years subsequent to the date of this agreement, this provision of said agreement to commence immediately after the Wife remarries, and shall be in lieu of the provisions hereinabove set forth wherein the Wife has agreed to pay to Husband 30% of her gross income in excess of $1500.00 per year and less than $18,000.00 per year. * * *
VIII. It is further understood and agreed by and between the parties to this agreement that the Wife has written a manuscript to be published as a book and sold as such, and that said manufscript is now completed. It is further understood and agreed by and between the parties hereto as to the property rights in said manuscript and/or book that the title to said manuscript and/or book shall be vested in the Wife as her sole property in fee *202 simple, and the Husband waives any right, title and interest therein that he may have by virtue of said documents being community property, and hereby consents to and agrees that the title to said manuscript and/or book shall be vested in the Wife as a further consideration for this property settlement agreement. And it is further understood and agreed that as to any manuscripts or books that the Husband has written prior to the date of this agreement the title hereto shall be vested in said Husband, and the Wife waives any community interest that she might have therein, and consents to and agrees that the title to said manuscripts or books shall be vested in the Husband as a part of the consideration for this agreement. On or about July 26, 1955, petitioner was divorced from Herbert Charles Corben by decree of the Superior Court, County of Los Angeles, California. During the year 1959, petitioner did not receive any payments under that portion of the above agreement which provides that she was to receive $150 per month for a period of four years, because, as provided in the agreement, payments had stopped upon her remarriage in 1958. However, during 1959, petitioner received $1,170 *203 under the clause in the agreement which provides that her former husband pay her 30 percent of his gross income in excess of $850 per month, but less than $1,500 per month. Respondent determined that the $1,170 was includable in the gross income of petitioners for the year 1959. The explanation given by respondent in the deficiency notice reads as follows: It has been determined that all the monies Dr. Corben paid to Mrs. Stone in 1959 are in the nature of alimony. The amount which is a percentage of Dr. Corben's gross income qualifies as a periodic payment because it is subject to the contingency of a change in his economic status as the agreement is written. Payments which are subject to such contingencies, as opposed to those which are not, are includible in the income of the wife. Section 71 of the Internal Revenue Code of 1954 provides, in part, as follows: (a) General Rule. - (1) Decree of Divorce or Separate Maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments * * * received after such decree in discharge of * * * a legal *204 obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. * * *
(c) Principal Sum Paid in Installments. - (1) General Rule. - For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments. * * *
Petitioners contend that the provisions of the "Property Settlement Agreement" establish that the payments made to her by her former husband during the year 1959 were installment payments and not periodic payments. They argue that the alimony, support and maintenance provisions of the agreement were exclusively concerned with the requirement that $150 per month be paid to petitioner until she should remarry, an event which occurred in 1958; that the additional payments of 30 percent of her former husband's income between $850 per month and $1,500 per month were to continue for a period of four years regardless of whether petitioner did or did not remarry; that *205 they were to settle the property rights of petitioners and her former husband in and to certain manuscripts and/or books which had been written by each of them prior to the date of the agreement; and that it was not intended that they were to be periodic payments in the nature of alimony. We do not agree with petitioners. The evidence in this case is confined to the stipulation of facts and documents incorporated therein, one of which is the 1955 agreement. The 1959 payments were made pursuant to the provisions of Paragraph I of that agreement. Other paragraphs provide for the reciprocal release of the rights of the parties in certain property. Under the provisions of Paragraph I petitioner became entitled to receive for her support and maintenance $150 per month for a period of four years or until she remarried, and, in addition thereto, 30 per cent of her former husband's gross income in excess of $850 per month, but less than $1,500 per month, for a period of four years. There is nothing in the agreement indicating that the percentage payments were intended to be or were consideration for the release of property rights provided for in Paragraph VIII. They represented amounts which *206 the parties agreed petitioner should receive for her support and maintenance, in addition to the alimony of $150 per month, if the husband's income exceeded $850 per month. Inasmuch as they were keyed to his income and would fluctuate as it fluctuated, they do not qualify as installment payments discharging a part of an obligation the principal sum of which is specified in the agreement, which, under Section 71(c)(1), supra, are not to be treated as "periodic payments" includable in the wife's gross income. The monthly payments totaling $1,170 were made to petitioner in 1959 under a written instrument incident to the divorce (see Helen Stewart Cramer, 36 T.C. 1136, 1141-1142), they were received subsequent to the divorce decree, and they were made in discharge of a legal obligation which, because of the marital relationship, was imposed upon her former husband under that instrument. They qualified, therefore, under the provisions of Section 71(a)(1), supra, as "periodic payments" which are includable in the wife's gross income. In the circumstances respondent did not err in determining that the 1959 payments of $1,170 received by petitioner were includable in her gross *207 income. Cf. Ann Hairston Ryker, 33 T.C. 924; Roland Keith Young, 10 T.C. 724; John H. Lee, 10 T.C. 834. Decision will be entered for the respondent.