T.C. Summary Opinion 2004-162

UNITED STATES TAX COURT

QUENTIN PAUL DeFORE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14248-03S.          Filed November 30, 2004.

Quentin Paul DeFore, pro se.

James L. May, Jr., for respondent.

COUVILLION, Special Trial Judge: This case was heard
pursuant to section 7463.[1]  The decision to be entered is not
reviewable by any other court, and this opinion should not be
cited as authority.

---

[1]    Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
year at issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

Respondent determined a deficiency of $2,512 in petitioner's Federal income tax for the year 2001. The sole issue for decision is whether petitioner is entitled to relief from joint liability under section 6015 for 2001 Federal income taxes.[2]

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioner's legal residence at the time the petition was filed was Lancaster, Tennessee.

Petitioner filed a timely 2001 Federal income tax return jointly with his spouse, Debbie A. DeFore (Ms. DeFore), on April 15, 2002. On November 6, 2002, petitioner and Ms. DeFore were divorced by a Texas State court. On July 28, 2003, separate notices of deficiency were issued to petitioner and Ms. DeFore in which respondent determined a deficiency of $2,512 in Federal income tax for the year 2001. The sole adjustment in both notices of deficiency was the inclusion in gross income of $9,877 that was not reported on the joint 2001 Federal income tax

---

[2] The deficiency included a determination by respondent that petitioner and his former spouse, Ms. DeFore, are liable for self-employment tax on Ms. DeFore's unreported income. The Forms 1099-MISC, Miscellaneous Income, Ms. DeFore failed to include with her 2001 tax return stated the amounts she received were nonemployment compensation, thus making her liable for self-employment tax. Petitioner bears the burden of proof on this issue, and he did not contest respondent's determination at trial; therefore, he is deemed to have conceded respondent's determination. As a result, petitioner and Ms. DeFore's 2001 tax return will be adjusted to reflect a deduction for one-half of the self-employment tax due for the year 2001.

return. This omitted income consisted of two information returns filed by third-party payors evidencing payments of nonemployee compensation to Ms. DeFore during the year 2001. One of the information returns was for payments by TJR Partnership in the amount of $4,642, and the other information return was for payments by S G, Inc., in the amount of $5,235.

Petitioner filed a timely petition in this Court. Ms. DeFore has not petitioned this Court. Petitioner's sole position is that he is entitled to relief from joint liability under section 6015. After the petition was filed, petitioner filed with the Internal Revenue Service Form 8857, Request for Innocent Spouse Relief. There is no indication in the record that respondent acted on this request. Respondent, pursuant to Rule 325 and King v. Commissioner, 115 T.C. 118 (2000), served notice of this proceeding on Ms. DeFore; however, Ms. DeFore has not intervened in this case, nor did she testify at the trial.

Petitioner was married to Ms. DeFore from 1993 until 2002. Both are natives of Texas, and they resided in Texas during their marriage. Petitioner was a pipe fitter and had been employed as such since 1987. Prior thereto, petitioner attended 2 years of community college in Alvin, Texas, where he studied courses such as mechanical drafting, agriculture, and real estate. Although he took the real estate examination, petitioner has never been employed in that capacity or in any of the fields he studied in

college.  As a pipe fitter, petitioner performed maintenance and construction work for a variety of heavy industrial plants, paper mills, steel mills, and refineries, such as Exxon and Shell.

Ms. DeFore was engaged in a variety of fields during her marriage with petitioner.  She attended high school through the 11th grade and then worked as a race horse jockey for 14 years.  Upon retirement, Ms. DeFore worked on construction jobs with petitioner and held a few positions with various retailers before commencing work for a real estate developer midway through 2001.  The deficiency in the couple's 2001 joint Federal income tax return arose from Ms. DeFore's performance of services for that real estate developer, Darrell Hall.

It appears that Ms. DeFore's work for Mr. Hall consisted largely of showing undeveloped lots to prospective buyers.[3]  If a prospective buyer decided to purchase a lot, the buyer would then return to the office with Ms. DeFore and select a house floor plan.  Because Ms. DeFore dealt only with undeveloped lots and not finished homes, she did not need a real estate license.

Ms. DeFore continued working for Mr. Hall through the beginning of 2002, after which she worked for Paul Turner, who owned three western stores.  In March 2002, Ms. DeFore left for

_____

[3]    As Ms. DeFore was not present at trial, petitioner provided the only testimony concerning the nature of Ms. DeFore's work for Mr. Hall.

Las Vegas, Nevada, with Mr. Turner.  Upon her return, Ms. DeFore filed for divorce against petitioner.

Although they had separated in March 2002, Ms. DeFore and petitioner met at an H&R Block office the following April to prepare a joint income tax return for 2001.  Each supplied income information to the H&R Block representative who then prepared their return.  Upon completion of the return, petitioner glanced over it, assumed Ms. DeFore had submitted all necessary information, and signed the return.  Petitioner and Ms. DeFore subsequently finalized their divorce in November 2002.  Petitioner's agreed divorce decree, also signed by Ms. DeFore, states that any penalty resulting from the omission of income from the previous year's tax return shall be paid solely by the party who earned the omitted income.

Petitioner was unaware of any problem with the tax return until he received a notice of deficiency in July 2003.  Ms. DeFore suggested to petitioner that they each pay half the deficiency; however, petitioner was unwilling to do so because the deficiency was attributable to the omission of Ms. DeFore's income and her failure to present this information to the tax preparer at H&R Block.

Spouses who file a joint Federal income tax return generally are jointly and severally liable for the payment of the tax shown on the return or found to be owing.  Sec. 6013(d)(3); <u>Cheshire v.</u>

Commissioner, 115 T.C. 183, 188 (2000), affd. 282 F.3d 326 (5th Cir. 2002). Furthermore, agreements between spouses with respect to how liability for tax deficiencies is to be shared are not binding on this Court. Pesch v. Commissioner, 78 T.C. 100, 129 (1982)(citing Bruner v. Commissioner, 39 T.C. 534, 537 (1962); Neeman v. Commissioner, 13 T.C. 397, 399 (1949), affd. per curiam 200 F.2d 560 (2d Cir. 1952); Casey v. Commissioner, 12 T.C. 224, 227 (1949); Bonner v. Commissioner, T.C. Memo. 1979-435; Ballenger v. Commissioner, T.C. Memo. 1955-171). Therefore, one spouse is not relieved of liability merely because the other spouse agreed to be responsible. Ballenger v. Commissioner, supra. Petitioner's divorce decree, therefore, is not binding on the Tax Court. However, relief from joint and several liability is available to certain taxpayers under section 6015. There are three avenues for relief available under this section--section 6015(b), (c), (f). Neither party disputes that, in this case, the requirements of subparagraphs (A), (B), and (E) of section 6015(b)(1) have been satisfied. The dispute is whether the requirements of subparagraphs (C) and (D) of section 6015(b)(1) have been met.

The first avenue for relief is section 6015(b). Under section 6015(b), the Court may grant a taxpayer full or apportioned relief from joint and several liability for an understatement of tax on a joint return if, among other

requirements, the taxpayer establishes that he "did not know, and had no reason to know" that the other spouse understated that spouse's tax liability on the return. Sec. 6015(b)(1)(C), (b)(2). Petitioner asserts that he had no reason to know of the understatement attributable to Ms. DeFore's income from Mr. Hall because petitioner and Ms. DeFore did not maintain a joint bank account or commingle funds. Petitioner and Ms. DeFore divided responsibility for the household expenses each month between themselves and did not discuss finances or their mutual income with each other. Petitioner merely paid the bills he owed for any given month and retained the remainder of his paycheck. Ms. DeFore did the same. Therefore, petitioner asserts he had no reason to know how much income Ms. DeFore was earning from her work for Mr. Hall. The Court disagrees.

Ms. DeFore submitted to the tax preparer at H&R Block only one of three information returns she received for her work with Mr. Hall during 2001. She included $2,658 as profit from a sole proprietorship, Exchange Land Co., LTD. Ms. DeFore's claimed "sole proprietorship" profit was actually compensation for her work with Mr. Hall. Ms. DeFore received additional nonemployment compensation in the form of cash under two other company names, $4,642 from TJR Partnership, LTD, and $5,235 from S G, Inc., both of which were affiliated with Mr. Hall. Petitioner contends that Ms. DeFore worked solely for Mr. Hall, who paid her primarily in

cash; therefore, petitioner believed all three companies who paid Ms. DeFore nonemployment compensation were controlled by Mr. Hall.  The return did not include the income from TJR Partnership and S G, Inc., as reflected on the information returns issued by these entities.

A spouse has "reason to know" of an understatement of income if "a reasonable prudent taxpayer in * * * [his] position at the time * * * [he] signed the return could be expected to know that the return contained the substantial understatement."  Jonson v. Commissioner, 118 T.C. 106, 116 (2002) (citing Price v. Commissioner, 887 F.2d 959, 965 (9th Cir. 1989)).  Although petitioner did not know the exact amount of Ms. DeFore's compensation, he admitted he knew she worked for Mr. Hall for the last 5 months of 2001. Furthermore, Ms. DeFore worked solely for Mr. Hall during those months, and, during that time, Ms. DeFore continued paying her portion of the bills.[4]  Using the reasonable taxpayer standard, the Court concludes that petitioner had reason to know that Ms. DeFore earned more than $2,658 in her 5 months of working with Mr. Hall.  Therefore, petitioner is denied relief under section 6015(b).

The second avenue for relief is section 6015(c).  Section 6015(c) affords proportionate relief to a spouse through

---

[4]  Petitioner did not testify as to the exact bills Ms. DeFore was responsible for.

allocation to the responsible party.  To be eligible for relief under section 6015(c), the individual seeking relief must no longer be married to, or must be legally separated from, the individual with whom the tax return was filed and must have elected the applicability of section 6015(c) not later than 2 years after the date on which collection activity began.  Sec. 6015(c)(3).  Furthermore, relief under section 6015(c) is not available to a taxpayer if it is shown that the taxpayer had actual knowledge when signing the return of any "item" giving rise to a deficiency.  Sec. 6015(c)(3)(C).

As previously discussed, petitioner is divorced from Ms. DeFore.  His divorce was finalized before he requested relief from joint and several liability.  Also, he filed a timely Form 8857, Request for Innocent Spouse Relief, to request relief. Therefore, the last requirement petitioner is required to meet to be eligible for relief under section 6015(c) is to prove he had no actual knowledge of the income item leading to the underpayment.

The Court has concluded that petitioner had reason to know of Ms. DeFore's omitted income; however, that does not mean petitioner actually knew of the omitted income.  Charlton v. Commissioner, 114 T.C. 333 (2000); Martin v. Commissioner, T.C. Memo. 2000-346.  Petitioner testified that he and Ms. DeFore did not share a bank account.  They did not transfer money between

each other but merely divided responsibility for monthly bills. Petitioner did not know how much or how often Ms. DeFore received payment from Mr. Hall. Petitioner testified he had "no earthly idea" how much money Ms. DeFore received from Mr. Hall in 2001. The Court has no reason not to believe him. Moreover, petitioner believed and knew that Ms. DeFore worked for Mr. Hall; however, the record does not suggest a finding that petitioner knew that Ms. DeFore's compensation for her services for Mr. Hall came from three separate sources. Petitioner believed that the one information return Ms. DeFore presented to the income tax return preparer reflected her sole earnings that year. Petitioner, therefore, had no actual knowledge that there were two undisclosed information returns from Mr. Hall that would fully represent Ms. DeFore's income for 2001. Therefore, petitioner qualifies for relief under section 6015(c).[5] Thus, the procedures in section 6015(d) to allocate items between petitioner and Ms. DeFore apply.

For purposes of section 6015(c), the item giving rise to the deficiency on a joint return is allocated as if the individuals had filed separate returns. Sec. 6015(d)(3)(A). Since the understatement in tax is entirely attributable to Ms. DeFore's omitted income, it follows that the entire amount of the

---

[5] Because the Court has granted petitioner relief under sec. 6015(c), it is not necessary to address whether petitioner also qualifies for relief under sec. 6015(f).

deficiency is allocated to her.  Petitioner, therefore, is relieved of the entire amount of the deficiency.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for petitioner.</u>